*Judgment modified and affirmed, and cause remanded.*

REILLY, P.J., and PEGGY L. BRYANT, J., concur.

---

**FOUCHE, Appellee,**

v.

**DENIHAN, Dir. of Highway Safety, et al., Appellants.**

[Cite as *Fouche v. Denihan* (1990), 66 Ohio App.3d 113.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–855.

Decided March 20, 1990.

*Calfee, Halter & Griswold, Mark I. Wallach, Kenneth S. Cline* and *Thomas Pappas,* for appellee.

*Anthony J. Celebrezze, Jr.,* Attorney General; *Schottenstein, Zox & Dunn, Michael B. Coleman* and *Kris M. Dawley,* for appellants.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of appellants, William M. Denihan, Director of Highway Safety, and Michael J. McCullion, Registrar of the Ohio Bureau of Motor Vehicles, from a judgment of the Franklin County

Court of Common Pleas in favor of Sue Ann Fouche, Wayne County Auditor, appellee. Appellee requested and was granted preliminary and injunctive relief enjoining the award of the Wayne County Deputy Registrar's contract to Colleen Bower.

The underlying facts are as follows: In response to a task force, efforts were made by the legislative and executive branches of the state government to improve the services of the deputy registrars statewide and eliminate the political influences associated with their appointments. Gubernatorial Executive Order 88–47 directs the Director of Highway Safety and the Registrar of the Bureau of Motor Vehicles to ensure that persons appointed as deputy registrars " * * * shall receive the appointment without regard to political affiliation * * *" and " * * * [t]he [deputy registrar's] contract shall be awarded on a competitive basis." Proposed Administrative Rule 4501:1–6–01(H) states that "[c]ontracts for the appointment of deputy registrars shall be awarded on a competitive award basis by use of a system determined by the registrar. * * *"

In implementing these changes, appellants distributed a request for proposal ("RFP") in order that all interested persons could apply and compete for the appointment of Deputy Registrar for Wayne County. The RFP described the procedure to be used in awarding the contract and set forth the numerical scoring procedure that would be utilized by the evaluation committee. The RFP provided that the person attaining the highest score would be recommended to the registrar by the evaluation committee but also included a statement that the "ODHS–BMV reserves the right to select the proposal it considers the most favorable to the state's interest."

Five people submitted proposals and the composite scores submitted to appellants by the evaluation committee were as follows: Seventy-four points for appellee, seventy-two points for Charles Wheatley, seventy-one points for Colleen Bower, and two other candidates had scores of fifty-one points and forty-seven points respectively. Once these composite scores were submitted, the registrar, Michael McCullion ("McCullion"), adjusted the scores, ex parte. In his reevaluation, McCullion gave considerably more weight than was presented in the RFP to the "one-stop" shopping concept. He awarded more points to the proposals which submitted the proposed deputy registrar's location in close proximity to the location of the driver's examination station. In the RFP, equal weight was given to the proposed deputy registrar's location in relation to the title bureau and the driver's examination station, as set forth in the site evaluation section of the RFP. The scores, as revised by McCullion, tallied as follows: Seventy-five points for Charles Wheatley, seventy-three points for appellee and seventy-one points for Colleen Bower. On

March 31, 1989, McCullion chose Colleen Bower as the new Wayne County Deputy Registrar.

On May 2, 1989, appellee filed a motion for a preliminary injunction in the Franklin County Court of Common Pleas. Following a hearing which combined appellee's request for a preliminary and permanent injunction, the trial court rendered a decision in appellee's favor enjoining the award of the Wayne County Deputy Registrar's contract to Colleen Bower. Thereafter, this appeal ensued and appellants now assert the following assignment of error:

"I. The lower court erroneously sustained Plaintiff's Motion for Preliminary and Permanent Injunction.

"A. The Court erroneously failed to dismiss Plaintiff's action for lack of subject matter jurisdiction because Plaintiff did not follow the exclusive statutorily mandated procedure for appealing decisions of the Registrar of Motor Vehicles.

"B. The Court erroneously failed to conclude that the decision of Defendant Michael J. McCullion to award the Deputy Registrar contract to Colleen Bower was a proper exercise of the broad discretion granted Defendant McCullion by the Request for Proposal."

██ In the first portion of their assignment of error, appellants assert that the trial court erred in not dismissing appellee's action since appellee failed to follow the exclusive statutorily mandated procedure for appealing such decisions of the Registrar of the Bureau of Motor Vehicles. Appellants assert that the trial court lacked subject matter jurisdiction since appellee did not file a notice of appeal within thirty days from the registrar's decision as prescribed by R.C. 4507.27 and 4507.28. Appellants argue that the trial court erred by not dismissing appellee's case, and rely on the holding in *In re Claim of King* (1980), 62 Ohio St.2d 87, 16 O.O.3d 73, 403 N.E.2d 200. In *King*, the Supreme Court reasoned that a statutory right to appeal could only be perfected in the mode prescribed by statute, relying on *Zier v. Bureau of Unemployment Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746, paragraph one of the syllabus. *King* involved an appeal pursuant to R.C. 4141.28(O) and, thus, is not applicable to the facts of this case.

R.C. 4507.27 and 4507.28 are included in R.C. Chapter 4507, which is titled "Driver's License Law." This section of the code specifically addresses the issues regarding driving examinations, suspensions, revocations of a driver's license, fees and prohibitions. There is no provision or language in R.C. Chapter 4507 which relates to R.C. 4503.03. R.C. 4503.03 is a recently amended section of the code included under the R.C. Chapter titled "Licensing of Motor Vehicles." There is no provision or language in R.C. Chapter 4503

which relates to R.C. 4507.27 or 4507.28. Thus, R.C. 4507.27 and 4507.28 are not applicable to the facts at bar and, thus, appellee in the instant case was not confined to the limitations of appeal as set forth in those sections.

 If a specific code section within a chapter does not set forth limitations or procedures to appeal an administrative decision, then the administrative appeal most generally will follow the mandates as set forth in R.C. 119.12. R.C. 119.12 provides, in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture under section 4301.252 of the Revised Code, may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the liquor control commission may be to the court of common pleas of Franklin county and appeals from decisions of the state medical board and the board of nursing shall be to the court of common pleas of Franklin County. * * *

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county, except that appeals from orders of the fire marshal issued under Chapter 3737. * * *

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * * "

As set forth in R.C. 119.12, an administrative order may only be appealed if: (1) the administrative agency is designated in R.C. 119.01 *et seq.;* (2) if the administrative agency has made a decision regarding some aspect of licensing; or (3) if otherwise provided by law, which means specifically set forth by statute such as in the instance of R.C. 4507.27 and 4507.28.

In the facts at bar, the Department of Highway Safety and the Bureau of Motor Vehicles are not agencies which are designated in R.C. 119.01 *et seq.* Furthermore, the facts of this case do not involve an administrative decision regarding some aspect of licensing. Likewise, as previously discussed, there is no specific section included in R.C. Chapter 4503, which sets forth limitations or procedures for appeal. In analyzing the facts of this case, it is also important to note that the matter herein did not involve an "adjudication" as

defined in R.C. 119.01 and discussed in R.C. 119.12, but simply involved an exercise of administrative discretion in awarding a contract. Consequently, the decision of the Registrar of the Bureau of Motor Vehicles to award the Wayne County Deputy Registrar's contract to Colleen Bower was not appealable. Accordingly, having no adequate remedy at law, it was proper for the appellee to seek injunctive relief and, thus, the first portion of appellants' assignment of error is not well taken and is overruled.

In the second portion of their assignment of error, appellants assert that the decision of McCullion to award the Wayne County Deputy Registrar's contract to Colleen Bower was a proper exercise of the discretion granted to him by virtue of the RFP. This court must affirm the decision of the trial court if there is clear and convincing evidence in the record to support the trial court's judgment to grant an injunction. See *Caldwell v. Goldberg* (1975), 43 Ohio St.2d 48, 72 O.O.2d 28, 330 N.E.2d 694. The RFP sets forth a numerical scoring procedure to be used in the selection process. This final selection process states that " * * * [t]he proposal that meets the best composite value will be recommended by the evaluation committee." Furthermore, the RFP also includes a statement that *"ODHS–BMV* reserves the right to select the proposal it considers most favorable to the state's interest." (Emphasis added.)

There is no language in the RFP which grants explicitly to the Registrar of the Bureau of Motor Vehicles the unbridled discretion to regrade the proposals, change the weight given to the criteria after the fact, and choose the deputy registrar based on this new criteria which is unknown both to the candidates and the evaluators. McCullion admitted in his testimony that although equal weight was given in the RFP to the proximity of the title bureau and driver's examination station in relation to the proposed deputy registrar's office, he regraded the proposals and awarded more points to the composite score of those proposals which were submitted with the proposed deputy registrar's office location in close proximity to the driver's examination station. This additional criterion only became a determinative factor after the RFP's had been submitted and evaluated by the evaluation committee. Since the legislative and executive intent of the reorganization of the deputy registrar system was to eliminate the political influences and award the deputy registrar contracts on a competitive basis, it logically follows that changing the determinative criteria after the proposals have been submitted and evaluated is a flagrant abuse of discretion. There is no language in the RFP which permits the Registrar of the Bureau of Motor Vehicles to regrade the proposals without the consultation of the evaluators. Furthermore, the evaluators, in this instance, were basing their evaluation on the same criteria as the candidates, the criteria which was set forth in the RFP. The evaluators

had not been consulted either by the Director of the ODHS or the Registrar of the BMV regarding McCullion's change in the determinative criteria after the fact.

The RFP limits the evaluation and selection process in two ways: (1) only the Director of Highway Safety, not the Registrar of the BMV, has reserved the right to waive minor technicalities or errors in the proposals, and (2) the *"ODHS–BMV,"* in tandem, not the Registrar of the BMV acting alone, reserves the right to select the proposal it considers most favorable to the state's interest. If the ODHS and BMV, in tandem, believed it was in the state's best interest to emphasize the "one-stop" shopping concept and intended to award more points to the proposal which located the proposed deputy registrar's office in close proximity to the driver's license examination station, then it should have set forth this determinative criteria in the RFP. The actions of the Registrar of the BMV in regrading the proposals without consultation of the evaluators, changing the determinative criteria once the proposals had been submitted and evaluated, and eventually awarding the contract for the Wayne County Deputy Registrar to the third lowest scorer, imposes a sense of impropriety to the Registrar's actions.

The matter herein will be remanded and the Registrar of the Ohio Bureau of Motor Vehicles is instructed to award the Wayne County Deputy Registrar's contract according to the criteria set forth in the RFP, and based on the composite scores submitted by the evaluation committee; or, the Director of the Ohio Department of Highway Safety and the Registrar of the BMV may invoke the provision of the RFP which states that ODHS–BMV, in a joint decision, " * * * reserves the right to reject any and all proposals and to seek new proposals * * * " and select the Wayne County Deputy Registrar from a revised RFP which gives the prospective candidates notice regarding all determinative criteria and the weight to be given to these items.

Accordingly, the second portion of appellants' assignment of error is not well taken and is overruled.

Based on the foregoing, appellants' assignment of error is not well taken and is overruled and the judgment of the Franklin County Court of Common Pleas, to the extent that it granted a preliminary injunction, is affirmed; to the extent that the trial court's judgment awarded the Wayne County Deputy Registrarship to Sue Ann Fouche, is reversed. The cause is remanded with instructions.

> *Judgement affirmed in part,*
> *reversed in part and*
> *cause remanded with instructions.*

WHITESIDE and McCORMAC, JJ., concur.