FOUCHE, Auditor, Appellee,

v.

DENIHAN, Dir., et al., Appellees; Wheatley, Appellant.

[Cite as *Fouche v. Denihan* (1990), 66 Ohio App.3d 120.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–818.

Decided March 29, 1990.

*Calfee, Halter & Griswold, Mark I. Wallach* and *Kathryn K. Vanderwist,* for plaintiff-appellee.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Mark T. D'Alessandro; Schottenstein, Zox & Dunn, Michael B. Coleman* and *Kris M. Dawley,* for defendants-appellees.

*Kennedy, Cicconetti & Rickett* and *William G. Rickett,* for appellant.

———

PEGGY BRYANT, Judge.

Intervenor-appellant, Charles A. Wheatley ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas overruling his motion to intervene in an action pending between plaintiff-appellee, Sue Ann Fouche ("plaintiff"), and defendants-appellees, William A. Denihan and Michael J. McCullion ("defendants").

Plaintiff filed suit against defendants on May 2, 1989 seeking to permanently enjoin defendants from naming Colleen Bower to serve as the Deputy Registrar of Motor Vehicles for Wayne County. Thereafter, on May 19, 1989, plaintiff filed a motion seeking preliminary injunctive relief.

The hearing on plaintiff's motion was held on June 5, 1989. Three days later, on June 8, 1989, appellant filed his motion to intervene. On June 13, 1989, the trial court issued its decision overruling appellant's motion to intervene, granting plaintiff's request for preliminary injunctive relief, and indicating that the position was to be awarded to plaintiff. Moreover, in its June 27, 1989 judgment entry, the court noted that by agreement of the parties the hearing on the preliminary injunction was merged with plaintiff's action on the merits. Accordingly, in its judgment entry, the trial court granted plaintiff's request to permanently enjoin defendants from awarding the deputy registrar position to Bower, and awarded the position to plaintiff.

Appellant appeals from the judgment of the trial court overruling his motion to intervene, and sets forth two assignments of error:

"1. The Trial Court erred as a matter of law, by denying Appellant the right to intervene in Franklin County Common Pleas Court Case 89–CV–042924.

"2. The Trial Court's ruling to award the Wayne County Deputy Registrar post to Appellee, Sue Ann Fouche, based upon the requirements of Senate Bill One was contrary to the manifest weight of the evidence presented at the hearing of the matter."

Briefly stated, the facts surround the position of Deputy Registrar of Motor Vehicles in Wayne County. Plaintiff, Bower, and appellant all submitted proposals for the position. Pursuant to a points rating scale, plaintiff received seventy-four points, appellant received seventy-two points, and Bower received seventy-one points. Some time thereafter some of the scores were modified so that appellant received seventy-five points, plaintiff seventy-three, and Bower seventy-one, and the position was awarded to Bower. By her complaint, plaintiff contested the allegedly unilateral actions of defendants in modifying the scores and then awarding the position to the lowest score.

Appellant sought intervention of right in the present action pursuant to Civ.R. 24(A)(2), which states:

"(A) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

In his first assignment of error, appellant asserts that the trial court erred in overruling his Civ.R. 24(A) motion.

This court in *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010, noted the necessary elements demonstrating a right to intervene:

" * * * [T]he application must be timely and the applicant must show three conditions exist:

" ' * * * (1) that he claims an interest relating to the property or transaction which is the subject of the action; (2) that he is [so] situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) that the existing parties do not adequately represent his interest.' (Footnote omitted.) McCormac, Ohio Civil Rules Practice (1970) 80–81, Section 4.36." *Id.* at 352, 29 OBR at 481, 505 N.E.2d at 1013.

While the trial court's decision does not explicitly indicate that timeliness was the basis for denying appellant's motion to intervene, the parties argue most vigorously about that aspect of the considerations under Civ.R. 24(A). Hence, we must first determine whether appellant's motion was timely.

When examining the concept of timeliness under Civ.R. 24, a court may consult the case law interpreting Fed.R.Civ.P. 24, upon which Ohio's rule is based. See Civ.R. 24 Staff Note. Under Fed.R.Civ.P. 24, "the mere lapse of time by itself does not make an application untimely." 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d (1986) 425–426, Section 1916. Similarly, "[a]lthough the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances." *NAACP v. New York* (1973), 413 U.S. 345, 365–366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648, 662.

In *Blackburn, supra,* this court stated that:

"Several factors must be considered by a trial court in determining the timeliness of a motion to intervene:

" ' * * * In general, the basis of the alleged right to intervene is balanced against trial convenience and potential prejudice to the rights of original parties. Intervention as of right [Civ.R. 24(A) ] may be granted at a time in the proceedings when permissive intervention [Civ.R. 24(B) ] would not. That is, in cases of permissive intervention, greater consideration may be given to undue delay or prejudice in adjudicating the rights of the original parties, whereas in cases of intervention of right, the court may give the greater consideration to possible prejudice to the intervenor in protecting his interest if intervention is not granted. * * * ' " *Id.,* 29 Ohio App.3d at 352–353, 29 OBR at 481, 505 N.E.2d at 1013 (quoting *Likover v. Cleveland* [1978], 60 Ohio App.2d 154, 158–159, 14 O.O.3d 125, 128, 396 N.E.2d 491, 494).

Besides the factors of "permissive" versus "of right," and of prejudice to the parties and the would-be intervenor, federal courts interpreting Fed. R.Civ.P. 24 have identified as a factor "the length of time the petitioner knew or should have known of the pendency of the suit." *Culbreath v. Dukakis* (C.A.1, 1980), 630 F.2d 15, 20, fn. 9. See, also, *Lelsz v. Kavanagh* (C.A.5, 1983), 710 F.2d 1040, 1043 (quoting *Stallworth v. Monsanto Co.* [C.A.7, 1977], 558 F.2d 257, 264–266). Similarly, federal courts have looked to "the reason for the delay" as a factor. *Pennsylvania v. Rizzo* (C.A.3, 1976), 530 F.2d 501, 506, certiorari denied *sub nom. Fire Officers Union v. Pennsylvania* (1976), 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375. See, also, *Gould v. Alleco* (C.A.4, 1989), 883 F.2d 281, 286, certiorari denied (1990), 493 U.S. 1058, 110 S.Ct. 870, 107 L.Ed.2d 953; *Alaniz v. Tillie Lewis Foods* (C.A.9, 1978), 572 F.2d 657, 659, certiorari denied *sub nom. Beaver v. Alaniz* (1978), 439 U.S. 837, 99 S.Ct. 123, 58 L.Ed.2d 134. In *Blackburn, supra,* this court implicitly considered these factors when it noted that the would-be intervenor in that case could not have sought intervention of right to pursue its subrogation claim earlier than it did, since its claim did not arise until after the intervenor and the plaintiff

reached a settlement agreement.  *Id.,* 29 Ohio App.3d at 353, 29 OBR at 482, 505 N.E.2d at 1013.

■  In regard to appellant's reason for not filing his motion in the present case until June 8, 1989, the record contains nothing to suggest that appellant knew or should have known that on May 2, 1989, plaintiff filed a complaint regarding the deputy registrar position that appellant, plaintiff, and Bower sought, or that appellant knew or should have known that on May 19, 1989 plaintiff sought a preliminary injunction as part of that action.  Nor does the record suggest that defendant knew or should have known that a hearing would be held on June 5 to determine plaintiff's motion.  Indeed, the record does not even contain notice to the parties of the June 5 hearing.  As a result, even had appellant reviewed the file, he would not have known from his review that a hearing was scheduled.  Finally, the record contains nothing to suggest that the hearing on plaintiff's motion for preliminary injunction would be merged with the merits of her case.  Indeed, only after the trial court decided the motion for preliminary injunction and overruled appellant's motion to intervene does the record note that the preliminary injunction hearing was merged with a hearing on the merits to allow a final determination of plaintiff's complaint.  While plaintiff contends that appellant knew of the controversy surrounding the decision the deputy registrar position for Wayne County, that fact alone does not impute to defendant knowledge of the lawsuit, the motion for preliminary injunction, or the hearing thereon.  Under those circumstances, appellant's motion filed approximately thirty days after plaintiff's complaint does not appear dilatory.

We posit the foregoing against the potential prejudice to the parties and to appellant.  Specifically, in ultimately determining this action, the trial court not only enjoined defendants from awarding the deputy registrar position to Bower, but also awarded the position to plaintiff.  Inasmuch as appellant's and Bower's applications were considered in the evidence, the trial court apparently considered the propriety of an award to each of the three contenders.  Hence, to that extent that be true, the trial court considered the rights of appellant and of Bower, neither of whom was a party to the lawsuit.  While plaintiff contends that appellant has filed another lawsuit, now pending in the common pleas court, which asserts the very claims he would have made herein, we are not persuaded that that action eliminates the potential prejudice arising from appellant's absence in the present action.  Indeed, at the very least, the multiplicity of suits would seem to subject appellant, as well as the other parties involved, to the potential of inconsistent verdicts.  Moreover, to the extent the trial court in appellant's independent action feels compelled

to defer to the judgment entered herein, the prejudice to appellant is unmistakable.

Plaintiff, however, asserts that she will be prejudiced if appellant is allowed to intervene in the present action, as the evidentiary hearing held on plaintiff's motion for preliminary injunction, later merged with a hearing on the merits, would have to be repeated. However, some duplicity will result regardless of how we rule on this appeal: if appellant is not given the right to intervene in the present action, that same evidentiary hearing presumably will be repeated during the trial of the action plaintiff asserts that appellant has now filed.

We note that "[t]he timeliness of the filing of a motion to intervene is a matter within the sound discretion of the trial judge, and the trial court's decision will be reversed only upon a showing of an abuse of that discretion." *Blackburn, supra,* at 352, 29 OBR at 481, 505 N.E.2d at 1012. However, under the facts of the present case, denying appellant's motion to intervene presents the potential for severe prejudice to appellant, whereas granting his motion presents potentially minimal prejudice to the existing parties. While appellant's intervention before the June 5 hearing would have been desirable, we are unable to conclude that, under the present facts and circumstances, appellant's motion properly was overruled as untimely.

In addition, we find that appellant has satisfied the three requirements of Civ.R. 24(A)(2). Initially, as discussed above, appellant claimed an interest relating to the transaction subject of plaintiff's complaint, the position of deputy registrar. Indeed, in determining this action, the trial court apparently considered the propriety of awarding the contract to both appellant and to Bower, neither of whom was a party to the action or had the opportunity to protect his or her interests in the position.

Similarly, appellant meets the second prong of Civ.R. 24(A)(2), in that the disposition of the present lawsuit may, as a practical matter, impede appellant's ability to protect his claimed interest. We note that the Staff Note to Civ.R. 24 states that "*Atlantis Development Corp. v. United States,* 379 F.2d 818 (5th Cir.1967), sets down comprehensive guidelines for interpretation of Federal Rule 24 as amended in 1966. The case should be helpful to Ohio judges who are faced with interpretation of Rule 24." The *Atlantis* court, in interpreting Fed.R.Civ.P. 24's "practical matter" language, commented on the fact that the rule was amended in 1966 to eliminate the effect of previous case law stating that the rule permitted intervention only if a judgment in the case in question would bind the would-be intervenor under the formal rules of *res judicata. Id.* at 823–825. The court found that "in the new language of 24(a)(2) stare decisis may now—unlike the former days under 24(a)(2)—supply that practical disadvantage which warrants intervention of right." *Id.* at 829.

The court did not find that *stare decisis* would provide a basis for intervention in every instance; however, the court noted that "[w]e are dealing here with a conjunction of a claim to and interest in the very property and the very transaction which is the subject of the main action * * * [t]he first decision will in all likelihood be the second and the third and the last one." *Id.* In the present case, "the subject of the main action" would also be the subject of a potential action by appellant, *i.e.*, the question of who is entitled to the deputy registrar position. Because of this fact, the trial judge in an independent action by appellant, as we have previously mentioned, may tend to defer to the judgment in the present case.

Finally, under the third prong of Civ.R. 24(A)(2), the parties herein were not representing appellant's interests. Quite to the contrary, plaintiff's rights were directly contrary to those asserted by appellant.

In the final analysis, while we are unable to say that the existing parties would suffer no prejudice whatsoever had the trial court granted appellant's motion to intervene, we find that appellant meets the criteria set forth in Civ.R. 24(A)(2); and we therefore conclude that the trial court abused its discretion in overruling appellant's motion to intervene. As a result, we sustain appellant's first assignment of error.

■ In his second assignment of error, appellant contends that the trial court erred in its decision on the merits of the case. Although the denial of a motion to intervene is a final appealable order, the appeal therefrom is limited to the issue of intervention. Accordingly, we will not address the merits of the trial court's action. See *Blackburn, supra,* at 354, 29 OBR at 483, 505 N.E.2d at 1014 (citing *Atlantis Development, supra,* at 827). Appellant's second assignment of error is overruled.

Finally, we note that in *Fouche v. Denihan* (1990), 66 Ohio App.3d 113, 583 N.E.2d 453, this court affirmed the trial court's enjoining defendants from awarding the deputy registrar position to Bower, reversed the trial court's awarding the position to plaintiff, and remanded the matter to defendants for consideration of the applicants under the appropriate parameters. As a result, the issue presented under appellant's first assignment of error appears largely moot. Nonetheless, we address the issue presented on the record before us; and having sustained appellant's first assignment of error, we reverse the judgment of the trial court and remand this matter for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and JOHN C. YOUNG, JJ., concur.