Proposed intervenor-appellant, the Fraternal Order of Police, Capital City Lodge No. 9 ("FOP"), appeals from a judgment of the Franklin County Court of Common Pleas denying its motion to intervene in this matter pursuant to Civ.R. 24(A)(2).
This case has its origin in the ongoing investigation of the Columbus Division of Police ("CPD") by the United States Department of Justice. Beginning in late August 1998, relator-appellee, the Dispatch Printing Company ("Dispatch"), sought to obtain access to CPD records which had been provided to the Justice Department. Eventually, the CPD agreed to release the following groups of records to the Dispatch on June 18, 1999:
 hard paper copies of guidelines for the handling of complaints against CPD officers;
 hard paper copies of definitions of what constitutes a "use of force";
 hard paper copies of statistics on the use of mace or pepper spray by CPD officers;
 hard paper copies of all citizen complaints regarding or relating to CPD officers;
hard paper copies of injury to prisoner reports;
 hard paper copies of the Emergency Operation Procedures manual, rules, and policies;
 hard paper copies of the inventory of public records regarding complaints concerning CPD officers, which had been previously destroyed pursuant to the CPD's Schedule of Disciplinary Records Retention; and
electronic records regarding:
(a) use of force reports;
(b) use of mace reports;
(c) injury to prisoner reports;
(d) complaint reports; and
(e) use of firearm reports.
However, on the morning of June 18, 1999, the CPD refused to produce any of the CPD records, citing a grievance which had been filed by the FOP. The FOP's grievance,[1] which opposed only the seventh and eighth categories of records sought by the Dispatch, asserted that these two categories of records contain information which should have been destroyed pursuant to the CPD's collective bargaining agreement with the FOP and the CPD's Schedule of Disciplinary Records Retention.
On June 21, 1999, the FOP filed an action in the Franklin County Court of Common Pleas seeking preliminary and permanent injunctions prohibiting the city of Columbus ("Columbus") and CPD from releasing any records which (1) should have been deleted from the CPD's electronic database pursuant to the CPD's retention schedule and Section 10.10 and 10.11 of the FOP's collective bargaining agreement with Columbus, and (2) contain "member identifiable information."[2] Later that day, the trial court issued a temporary restraining order barring release of any such records until 5:00 p.m. on July 5, 1999. The court also scheduled a preliminary injunction hearing for July 1, 1999.
On the same day the FOP initiated its action for injunctive relief, the Dispatch filed the instant action pursuant to Ohio's Public Records Law, R.C. 149.43, in the Franklin County Court of Common Pleas seeking a writ of mandamus compelling respondents-appellees, Columbus, the CPD, Columbus Safety Director Thomas Rice, and Columbus Police Chief James Jackson, to produce the CPD records which they had previously agreed to release. The Dispatch also filed a motion requesting a temporary restraining order prohibiting the respondent from destroying or deleting any of the requested records. The trial court granted the motion.
On the morning of June 30, 1999, the Dispatch filed a motion for summary judgment, which respondents did not oppose. In addition, respondents admitted each of the forty-one allegations contained in the Dispatch's First Amended Request for Admissions, including the following:
 Admit that the "POLICE RECORDS" constitute "records" for purposes of Section 149.011(G) of the Ohio Revised Code.
 Admit that the "POLICE RECORDS" are documents that were on June 19, 1999 kept by the City and/or CPD.
 Admit that the "POLICE RECORDS" are "public records" under Section 149.43(A)(1) of the Ohio Revised Code.
 Admit that the "POLICE RECORDS" are not exempt from public inspection under the Ohio Public Records Act.
 Admit that the basis for Respondents' decision to withhold production of the "POLICE RECORDS" on June 18, 1999 to The Dispatch was because of the filing of the Grievance and the Fraternal Order of Police's notice that it intended to seek injunctive relief to enjoin Respondents from producing to The Dispatch the "POLICE RECORDS."
Sometime later on the morning of June 30, 1999, the FOP filed a motion seeking leave to intervene as a party respondent under Civ.R. 24(A)(2).
During the afternoon of June 30, 1999, the trial court held a status conference which the FOP was permitted to attend. Later that same afternoon, the court granted judgment for the Dispatch and issued a writ of mandamus ordering respondents to produce all eight categories of CPD records by July 2, 1999.
On July 1, 1999, the FOP filed a motion with the trial court seeking a stay of the court's mandamus order pending appeal. The trial court denied the motion, but extended the time for production of the records until 5:00 p.m. on July 5, 1999, in order to avoid a conflict with the temporary restraining order entered in the separate case filed by the FOP.
The FOP then filed a notice of appeal and a motion for stay pending appeal with this court. On July 6, 1999, this court stayed the judgment of the trial court and set this matter for an expedited appeal.
In appealing from the judgment of the trial court, the FOP has raised the following assignments of error:
 The Common Pleas Court abused its discretion in entering final judgment on the merits without ruling on the FOP motion to intervene and without allowing the FOP to intervene.
 The Common Pleas Court acted arbitrarily and unreasonably in not allowing the FOP to intervene.
 The Common Pleas Court erred when it entered the Final Judgment Granting Writ of Mandamus.
 The Common Pleas Court erred in its implicit determination that Section 149.43 of the Ohio Revised Code pre-empts other provisions of the Ohio Records Laws.
 The Common Pleas Court erred in failing to assume deletion of the legally-defunct electronic database.
 The Common Pleas Court erred in its implicit rejection of the proposition that the City records-disposition schedule and the provisions of the FOP contract regarding deletion of "member identifiable information" are lawful and must be honored.
 The Common Pleas Court erred in its implicit determination that Sections 10.10 and 10.11 of the FOP contract are at odds with Section 149.43 of the Ohio Revised Code.
 The Common Pleas Court erred in failing to recognize that release of the "member identifiable information" would violate Chapter 1347 of the Ohio Revised Code.
 The Common Pleas Court erred in failing to recognize that release of the "member identifiable information" violates an officer's right of privacy.
The FOP's first and second assignments of error challenge the trial court's refusal to allow it to intervene and will be addressed together.
Preliminarily, the FOP asserts that the trial court never ruled on its motion to intervene. It is true that the trial court did not expressly state that it was denying the FOP's motion to intervene in its June 30, 1999 entry granting the Dispatch's request for a writ of mandamus. However, it is well-settled that the entry of final judgment impliedly overrules all pending motions upon which the court has not ruled. Howard v. J.C. PenneyCompany, Inc. (Nov. 3, 1994), Franklin App. No. 94APE04-469, unreported (1994 Opinions 5046). Thus, when the trial court granted final judgment for the Dispatch, it impliedly overruled the FOP's motion to intervene.
We now turn to the question of whether the trial court erred in overruling the FOP's motion to intervene. In examining this issue, we apply the abuse of discretion standard to the trial court's determination. State ex rel. Strategic Capital Investors,Ltd. v. McCarthy (1998), 126 Ohio App.3d 237, 247. An abuse of discretion connotes more than an error of judgment; it implies a decision which is without a reasonable basis, and one that is clearly wrong. Angelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159, 161-162.
The FOP moved to intervene in the current action pursuant to Civ.R. 24(A)(2), which provides as follows:
(A) Intervention of right.
 Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 In Blackburn v. Hamoudi (1986), 29 Ohio App.3d 350, 352, this court held that in order to be entitled to intervene as of right pursuant to Civ.R. 24(A)(2) an applicant must file timely and must show:
 * * * (1) that he claims an interest relating to the property or transaction which is the subject of the action; (2) that he is [so] situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) that the existing parties do not adequately represent his interest. (Citation omitted.)
Failure to meet any one of these elements will result in denial of the motion to intervene as of right. Fairview Gen. Hosp. v.Fletcher (1990), 69 Ohio App.3d 827, 831.
The FOP argues that it has an "interest" of the type contemplated by Civ.R. 24(A)(2). Specifically, the FOP argues that it has an interest in preventing the public disclosure of "member identifiable information" in violation of its collective bargaining agreement with the city. Although few cases discuss precisely what type of "interest" an applicant to intervene as of right must possess, the few cases which do exist indicate that the "interest" must be one which is legally protectable.
In In re Schmidt (1986), 25 Ohio St.3d 331, 336, the Ohio Supreme Court upheld the denial of the Smith's motion to intervene in the action brought by the Cuyahoga County Welfare Department to gain permanent custody of their grandson. In so holding, the Supreme Court concluded that the grandparents had "* * * no legal interest in the care and custody of their grandson, which would have allowed them to intervene as of right pursuant to Civ.R. 24(A). Although the Smiths contend that they claimed `an interest relating to the * * * transaction which [was] * * * the subject of the action and [were] * * * so situated that the disposition of the action [would] * * * * impair or impede [their] * * * ability to protect that interest,` * * * the Smiths' `claimed interest' was not legally protectable. Just as the Smiths' desire for custody or visitation cannot be construed as a legal right to custody or visitation, the Smiths' concern for their grandson's welfare cannot be construed as a legal interest that falls within the scope of Civ.R. 24(A)." (Citation omitted.) (Emphasis sic.)
This court reached the same conclusion in Fairview,supra, based upon the procedural requirements set forth in Civ.R. 24(C). Civ.R. 24(C) requires that a motion for intervention "* * * be accompanied by a pleading setting forth the claim or defense for which intervention is sought. * * *" The Fairview court found that Civ.R. 24(C) implies that the "interest" required by Civ.R. 24(A)(2) must be a "legally protectable" interest. Id. at 833.
Construed together, those cases direct a court to look primarily to the pleading which accompanies an applicant's motion to intervene in determining whether the applicant possesses the legally protectable interest required by Civ.R. 24.
In the present case, the FOP sought to fulfill the requirement of Civ.R. 24(C) by attaching to its motion to intervene a copy of the complaint which it had filed in its independent action for injunctive relief. In essence, the FOP contended that it needed to intervene in order to assert the claims set forth in that pleading, as respondents in the action had failed to argue them, leaving unprotected the FOP's interest in having the trial court consider them.
Assuming the FOP's attached complaint constitutes a pleading under Civ.R. 24(C), an issue we need not resolve here, we examine it for any "legally protected" interests the FOP may have. The FOP's complaint set forth two claims opposing the release of those CPD records which should have been destroyed and which contain "member identifiable information." The FOP did not contend the records at issue are not public records under R.C. 149.43, but rather asserted: (1) a claim that the provisions of the FOP's collective bargaining agreement with the CPD prohibits the release of the records, and (2) a claim that the provisions of R.C. Chapter 1347 prohibit the release of the records.
In State ex rel. Dispatch Printing Co. v. Wells (1985),18 Ohio St.3d 382, the Ohio Supreme Court addressed both of the claims raised by the FOP, and expressly held that neither had any merit. This being the case, the FOP failed to demonstrate that it has a legally protectable interest in the present action. Allowing intervention thus would not protect a recognizable interest, as the FOP has demonstrated none. Accordingly, we cannot say that the trial court abused its discretion in denying the FOP's motion to intervene.
The FOP's first and second assignments of error are overruled.
In its third through ninth assignments of error the FOP raises for the first time several additional claims which it alleges would prevent the release of the records at issue, and requests that we review the merits of the trial court's order releasing those records irrespective of our ruling on its motion to intervene.
The claims which the FOP attempts to raise for the first time on appeal were not before the trial court and, thus, may not be considered in determining whether the trial court abused its discretion in denying the FOP's motion to intervene. Niemann v.Cooley (1994), 93 Ohio App.3d 81, 89.
With respect to the FOP's request that we review the merits of the trial court's order, this court has consistently held that an appeal from the denial of a motion to intervene is limited to the issue of intervention. Fouche v. Denihan (1990),66 Ohio App.3d 120, 126; Blackburn, supra, at 354. This holding comports with the well-established legal principle that a non-party lacks standing to bring an appeal. Landes v. Ohio StateUniversity Hospitals (Nov. 20, 1997), Franklin App. No. 97API05-739, unreported (1997 Opinions 4812).
The FOP's third, fourth, fifth, sixth, seventh, eighth, and ninth assignments of error are overruled.
Having overruled each of the FOP's nine assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
TYACK, J., dissents.
BRYANT and DESHLER, JJ., concur.
[1] The FOP's grievance provides as follows:
"The Lodge has been informed that the Division of Police has received public records requests for records which should have been destroyed pursuant to the City's records retention schedule and Sections 10.10 and 10.11 of the Contract, but remain in existence. The Lodge has requested that the City not release the requested records until the information which should have been destroyed pursuant to Section 10.10, Section 10.11 has been removed and destroyed. The City informed the Lodge on June 17, 1999 by telephone and by letter from Kelly M. Castle that it intends to release the information in question. The City's decision to release information which should have been removed and destroyed pursuant to Section 10.10, Section 10.11 of the Contract and the City's Records Retention Schedule violates the Contract."
[2] The "member identifiable information" which is contained in the records sought by the Dispatch is limited to names, dates of birth, and length of service of individual police officers. The records do not contain officers' home addresses, home phone numbers, or the names of family members.