DECISION AND JUDGMENT ENTRY
Cindy Johnson appeals the Athens County Municipal Court's dismissal of her complaint in forcible entry and detainer. Johnson argues that the trial court erred in granting Adullam Ministries/Pastor Leon Forte and Pastor Francine Childs/Mount Zion Baptist Church's motion for relief from judgment. We disagree because the trial court acted within its discretion in granting relief from the judgment. She next asserts that the trial court erred in joining Pastor Francine Childs ("Childs") as a party. We disagree because the trial court acted within its discretion in allowing Mount Zion/Childs to intervene. Johnson also asserts that the trial court erred by admitting Child's certificate of ordination, the "Active Member's Roster List" and the lease agreement because they were fraudulent. We disagree because the trial court did not admit the exhibits. Next, Johnson argues that the trial court erred in not allowing Rev. Carter's testimony about the ordination requirements and procedures of the Baptist Church. We disagree because Carter's testimony was irrelevant. Accordingly, we affirm the judgment of the trial court.
 I.
In this action both Cindy Johnson and Childs assert that they represent Mount Zion Baptist Church ("Mount Zion"). Pastor Leon Forte is the leader of Adullam Ministries ("Adullam") Adullam has been holding worship services at Mount Zion's church building. Although the specifics of the dispute within Mount Zion were not at issue in the trial court, apparently when Childs became pastor, some members were not pleased with the direction of the church, including Adullum's continued use of Mount Zion's church building. Johnson claims to represent these members and Mount Zion.
Johnson filed an action on behalf of Mount Zion against Adullam alleging that Adullam had forcibly entered and detained possession of the church. The next day, Mount Zion/Childs moved to dismiss the action asserting that Mount Zion had not authorized Johnson to file the action on its behalf. However, neither Childs nor Adullam appeared at the August 10, 1999 hearing on Johnson's complaint. On August 11, 1999, the trial court ordered Adullam to vacate the Mount Zion church building. On August 16, 1999, Mount Zion/Childs' attorney, Attorney Shostak, filed a motion for Mount Zion/Childs to intervene in the action and a motion entitled "Motion for Stay of Writ of Restitution, Motion to Dismiss on Mootness, and Request for Hearing on Pending Motions." In this motion, Mount Zion/Childs sought relief from the August 11 order. On August 16, 1999, the trial court granted Mount Zion/Childs' motion to intervene. On August 23, 1999, the trial court held a hearing on the remaining motions. The hearing focused on Johnson's standing to bring the complaint.
At the hearing, Childs testified that she was the pastor at Mount Zion and the president of Mount Zion's Board of Trustees. According to Childs, Johnson was not a trustee nor a member of Mount Zion. Childs also testified that Adullam has a lease to use Mount Zion's church building and is not in violation of the lease in any way. During her testimony, Childs authenticated her certificate of ordination, an active member list, and a lease agreement between Mount Zion and Adullam.
Rev. Douglas Carter of the Province Baptist Association also testified at the hearing. He agreed that his association has no control over Mount Zion's real estate and he had no knowledge of who is a member of Mount Zion or who is on the Board of Trustees. The trial court prohibited Johnson from questioning Carter about the ordination procedures of the Baptist Church.
Rev. William Lynch testified that he was the pastor at Mount Zion immediately before Childs. He testified that Childs, as president of the board of trustees, possessed the authority to enter into the agreement with Adullam and was in charge of Mount Zion's building.
At the hearing, Johnson asserted that she was a member of Mount Zion and had filed the complaint on behalf of several other members. At the close of the hearing, the trial court dismissed Johnson's action.
Johnson appeals. With her notice of appeal, Johnson filed a statement of assignments of error she intended to present. However, in her brief, she did not assert any assignments of error as required by App.R. 16(A)(3). We construe her brief as arguing the following assignments of error:
 I. The trial court erred in giving the defendants relief from its judgment of August 11, 1999.
 II. The trial court erred by joining Francine Childs as a party because: (a) Childs' waived the defense of misjoinder because it should have been raised earlier; (b) Mount Zion/Child's attorney lacked jurisdiction to file the motion because he represented neither party to the case; and (c) the nunc pro tunc order was improper.
 III. The trial court erred by admitting Childs' certificate of Ordination, the Active Member's Roster List and the Lease agreement.
 IV. The trial court erred in not allowing Rev. Carter to testify about the ordination procedures of the Baptist Church.
 II.
In her first assignment of error, Johnson argues that the trial court erred in granting Adullam relief from the default judgment entered against it.
Default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action. Civ.R. 55(A). Civ.R. 60 provides for relief from such a judgment. Civ.R. 60(B) provides in part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
A motion for relief from judgment pursuant to Civ.R. 60(B) is addressed to the sound discretion of the trial court, and we must not disturb the ruling absent a showing of an abuse of discretion. Griffey v. Rajan (1937), 33 Ohio St.3d 75, 77; Moorev. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506; Wilmington Steel Products, Inc. v. Clev. Elec. Illum.Co. (1991), 60 Ohio St.3d 120, 122. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 138, citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. Rose Chevrolet v. Adams (1988), 36 Ohio St.3d 17,20, citing GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus; see, also, Buckeye Fed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312,314. If any of these three requirements is not met, the motion should be overruled. Rose Chevrolet,36 Ohio St.3d at 20, citing Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351;Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578.
Johnson argues that the trial court abused its discretion in granting Adullam relief from the default judgment because (1) Adullam failed to issue a statement explaining its absence from the hearing, (2) Adullam failed to respond to the initial complaint pursuant to Civ.R. 12(A), and (3) Adullam failed to seek relief pursuant to Civ.R. 60(B). She concludes from these three facts that Adullam was not entitled to a new hearing on the complaint.
In its timely motion, Adullam explained its absence from the original hearing. The attorneys for Adullam and Mount Zion/Childs mistakenly believed that Mount Zion/Childs' motion to dismiss would stay the hearing. Adullam also articulated a meritorious claim and a reason justifying relief from the judgment, i.e.,
that Johnson had no standing to bring the complaint on behalf of Mount Zion. Accordingly, we find that the trial court did not abuse its discretion in awarding Adullam relief from the August 11 judgment. Thus, we overrule her first assignment of error.
 III.
In her second assignment of error, Johnson argues that the trial court erred in joining Childs as a party. She asserts that because the issue of joinder was not raised immediately by Adullam, it was waived. She also argues that Mount Zion/Childs' attorney, Attorney Shostak, lacked jurisdiction to move for joinder because he did not represent Johnson or Adullam, the only parties to the case. She next argues that the trial court erred by using a nunc pro tunc order to join Childs.
We begin our analysis by noting that the trial court granted Childs' motion to intervene on behalf of Mount Zion. She did not file a motion for joinder. Civ.R. 24 deals with intervention and provides in pertinent part as follows:
 (A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action * * * when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
In order to be entitled to an intervention of right, a movant must meet four criteria: (1) the application must be timely; (2) the movant must claim an interest relating to the property or transaction which is the subject of the action; (3) the movant must show that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the existing parties do not adequately represent the movant's interest. Southern Ohio Coal Co. v. Kidney
(1995), 100 Ohio App.3d 661, citing Fouche v. Denihan (1990),66 Ohio App.3d 120, 122-123, and Blackburn v. Hamoudi (1986),29 Ohio App.3d 350, 352.
We must uphold a trial court's decision on a motion to intervene absent an abuse of discretion. Widder Widder v.Kutnick (1996), 113 Ohio App.3d 616, 624; In re Stapler (1995),107 Ohio App.3d 528, 531; see, also, Thomas v. Cook Drilling Co.
(1997), 79 Ohio St.3d 547, 549.
The rule clearly contemplates a non-party filing the motion, therefore Mount Zion/Childs was entitled to file the motion to intervene.
Johnson complains that Mount Zion/Childs did not timely file their motion to intervene. However, trial courts may grant motions to intervene that are filed even after entry of final judgment. Norton v. Sanders (1989), 62 Ohio App.3d 39. See, also,Brown v. Gallia Cty. Bureau of Vital Statistics (Dec. 19, 1997), Gallia App. No. 97CA12, unreported.
Through the motion and the testimony at the hearing, Mount Zion/Childs met all four criteria for intervention of right. They filed their motion shortly after learning of the action, albeit after the judgment. Mount Zion's interest in its lease with Adullam was at stake. Disposition of Johnson's claim could have impeded Mount Zion's ability to protect this interest. Childs, as president of the board of trustees, was Mount Zion's proper representative for an action regarding possession of the Mount Zion premises. Neither party adequately represented Mount Zion/Childs' interests. Thus, the trial court's decision was not unreasonable, arbitrary, or unconscionable and the trial court did not abuse its discretion. Accordingly, the trial court did not err in allowing Mount Zion/Childs to intervene.
We note that although the trial court's entry included the words "nuno pro tunc," it was captioned as an "entry" and did not purport to correct or modify a previous judgment or entry. Therefore, it was not a nunc pro tunc entry.
Having found no merit to any of Johnson's arguments, we overrule her second assignment of error.
 IV.
In her third assignment of error, Johnson argues that the trial court erred in admitting certain evidence during the proceedings. Specifically, she asserts that Childs' "Certificate of Ordination," the "Active Members Roster List," and the "Letter of Formal Lease Extension" should not have been admitted as evidence because the exhibits were fraudulent. However, after a careful examination of the record, we find that the exhibits were never admitted as evidence. Furthermore, Johnson's argument that the exhibits should not have been admitted because they were fraudulent is meritless. Childs' testimony authenticated the documents. Johnson was free to cross-examine Childs about the truthfulness of the documents. Accordingly, we overrule Johnson's third assignment of error.
 V.
In her fourth assignment of error, Johnson argues that the trial court erred by refusing to allow Carter to testify about the ordination requirements and procedures of the Baptist Church. She asserts that Carter was qualified to testify about the subject. The trial court determined that such testimony was irrelevant since the only issue at the hearing was Johnson's standing to file the complaint.
The admission or exclusion of evidence is a matter within the sound discretion of the trial court. State v. Finnerty (1989),45 Ohio St.3d 104, 107; State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Thus, a reviewing court must not reverse a trial court's decision to exclude evidence unless the trial court abused its discretion. Finnerty,45 Ohio St.3d at 107.
Relevant evidence is generally admissible. Evid.R. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Irrelevant evidence is not admissible. Evid.R. 402. We agree with the trial court that Carter's testimony about the ordination procedures and requirements of the Baptist Church was not relevant to the sole issue of the hearing, Johnson's standing to bring the complaint. Whether Childs had been properly ordained was not a fact of consequence to the determination of the action. Accordingly, the trial court did not abuse its discretion in refusing to allow Carter to testify about the ordination requirements and procedures of the Baptist Church. Accordingly, we overrule her fourth assignment of error.
 VI.
In sum, we overrule all of Johnson's assignments of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the ATHENS COUNTY MUNICIPAL COURT to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
EVANS, J.: Concurs in Judgment and Opinion. HARSHA, J.: Concurs in Judgment Only.
 ____________________________ ROGER KLINE, Presiding Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.