Maria ALANIZ et al., Plaintiff-Appellee,

v.

**TILLIE LEWIS FOODS et al., Defendants,**

**Robert Beaver et al., Applicant-Intervenors Appellant.**

No. 77–1156.

United States Court of Appeals, Ninth Circuit.

Feb. 1, 1978.

As Amended on Denials of Rehearing and Rehearing En Banc April 3, 1978.

Richard Francis (argued), William R. Shepard (argued), of McCarthy, Johnson & Miller, San Francisco, Cal., for defendants-appellants.

Vilma Martinez, of Mexican-American Legal Defense & Educational Fund, Michael A. Mendelson, San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT and ANDERSON, Circuit Judges, and WHELAN,* District Judge.

PER CURIAM:

To protect their seniority, appellants, a group of cannery employees, sought intervention in a class action instituted December 3, 1973, by minorities and women to rectify alleged discrimination in the Northern California canning industry.[1] Defendants were the plaintiffs' unions and employers. The motion to intervene was filed July 2, 1976, seventeen days after a consent decree had become effective. Due to an appeal which temporarily deprived the court of jurisdiction, the court delayed its ruling.

---

* The Honorable Francis C. Whelan, United States District Judge for the Central District of California, sitting by designation.

1. Some of the appellants are members of the original class and are therefore bound by the decree.

The appeal was dismissed and the decree modified before September 22, 1976, when appellants' motion was heard again. On November 11, 1976, the district court denied intervention because the motion was untimely. 73 F.R.D. 289 (N.D.Calif.1976).

While we believe the district court was correct, we take this occasion to emphasize the applicable considerations where, as here, the motion to intervene was filed after the entry of a consent decree which was preceded by extensive, well-publicized industry-wide negotiations.

The primary issue on appeal is: Did the district court abuse its discretion in ruling that the motion was untimely? We find no abuse of discretion and affirm.

The question of timeliness is addressed to the sound discretion of the trial court and will be overturned only when an abuse of discretion is shown. *N.A.A.C.P. v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Intervention after entry of a consent decree is reserved for exceptional cases. *U. S. v. Blue Chip Stamp Co.*, 272 F.Supp. 432, 435–38 (C.D. Cal.1967), aff'd. 389 U.S. 580, 88 S.Ct. 693, 19 L.Ed.2d 781 (1968). Intervention of right motions, however, should be treated more leniently than permissive intervention motions because serious harm is more likely. Wright and Miller, *Federal Practice and Procedure* § 1916 (1972).

Three factors are usually weighed in determining timeliness:

(1) the stage of the proceeding;

(2) prejudice to other parties; and

(3) the reason for and the length of the delay.

*See Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 506 (3rd Cir. 1976), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976); *McClain v. Wagner Electric Corp.*, 550 F.2d 1115, 1120 (8th Cir. 1977).

Since the motion was filed after the consent decree was approved, the first factor weighs heavily against appellants. *See Tesseyman v. Fisher*, 231 F.2d 583 (9th Cir. 1955).[2] In evaluating the second factor, courts have emphasized the seriousness of the prejudice which results when relief from long-standing inequities is delayed. Here, the decree is already being fulfilled; to countermand it now would create havoc and postpone the needed relief. Thus, to prevail appellants must convincingly explain their delay. *See Nevilles v. E.E.O.C.*, 511 F.2d 303 (8th Cir. 1975). This they have failed to do.

Appellants sought intervention two and one-half years after suit was filed; they either knew or should have known of the continuing negotiations.[3] The crux of appellants' argument is that they did not know the settlement decree would be to their detriment. But surely they knew the risks. To protect their interests, appellants should have joined the negotiations before the suit was settled. Appellants have not proved fraudulent concealment. It is too late to reopen this action. *See Harper v. Kloster*, 486 F.2d 1134, 1137 (4th Cir. 1973).

Inasmuch as appellants' application for intervention was properly denied, they are without standing to litigate the merits of the decree. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d at 508. Therefore, appellants' other arguments are to no avail.

The order denying intervention is AFFIRMED and the appeal is DISMISSED.

**2.** This is especially true when the applicants desire to relitigate issues already determined. *See McDonald v. E. J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970).

**3.** Individual notices were mailed to class members; notices were posted at the plant; six days of hearings were held; newspapers reported the events; and the cannery employees undoubtedly discussed the possible effects the lawsuit might have. *See Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832, 837–41 (9th Cir. 1976) (Trask, J., dissenting).