**UNITED STATES of America, Plaintiff–Counter–Defendant–Appellee,**

v.

**John C. CARPENTER; Grant Gerber; O.Q. Johnson, Defendants,**

and

**County of Elko, Defendant–Counter–Claimant–Appellee,**

---

The Wilderness Society; Great Old Broads for Wilderness, Defendants–Intervenors–Appellants.

No. 01–16326.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2002.

Filed Aug. 12, 2002.

Eric E. Huber, Earthjustice Legal Defense Fund, Inc., Denver, CO, for the defendants-intervenors-appellants.

Blaine T. Welsh and Steven W. Myhre, U.S. Department of Justice, United States Attorney's Office, Las Vegas, NV, for the plaintiff-counter-defendant-appellee.

Kristin A. McQueary, Office of Elko County District Attorney, Elko, NV, for the defendant-counter-claimant-appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON and REINHARDT, Circuit Judges.

## OPINION

PER CURIAM.

Two environmental organizations, The Wilderness Society and Great Old Broads for Wilderness, appeal the denial of their motion to intervene as of right in a suit between the United States, Elko County, Nevada, and a private defendant over the status of a road on U.S. Forest Service land. The appellants sought to intervene to object to a proposed settlement agreement, and they filed their intervention petition soon after the proposed agreement was made public on March 2, 2001. The district court denied the motion on timeliness grounds because the suit had been pending for more than eighteen months. We have jurisdiction under 28 U.S.C. § 1291. *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir.2001). We now reverse, because the interveners acted promptly after they had notice that the government may not have adequately represented their interests in negotiating the settlement, and they were entitled to rely on the presumption of adequate representation by the government prior to that time. *See, e.g., Forest Conservation Council v. U.S. Forest Svc.*, 66 F.3d 1489, 1499 (9th Cir.1995).

In October 1999, the Forest Service sued representatives of a citizens group, seeking declaratory and injunctive relief to stop them from trespassing on Forest Service land to restore a washed-out road. The road in question, the South Canyon Road in Elko County, Nevada, is adjacent to a river populated by Bull Trout, a threatened species listed on the Endangered Species list. In November 1999, the district court joined Elko County as a party defendant, because it claimed rights to restore the road. The court sent the parties to mediation conducted by a private mediator, which the parties agreed would be confidential.

The parties returned to court after months of unsuccessful negotiations, and the district court ordered further confidential settlement proceedings, this time before a Magistrate Judge. On March 2, 2001, the parties notified the court that they had reached a tentative agreement, and the court lifted the confidentiality order covering the mediation proceedings so that the agreement could be publicly disseminated. The United States agreed that it would not contest that Elko County had a right of way to the road, but did not waive its authority to manage federal lands and natural resources in accordance with federal environmental laws. The defendants agreed that they would not do any work on the road without receiving prior approval from the Forest Service and that they would comply with federal environmental laws.

The Wilderness Society and Great Old Broads for Wilderness, citizens groups devoted to preserving wilderness and wildlife in public lands, moved to intervene as plaintiffs on March 30, 2001, asserting that the proposed settlement agreement improperly ceded a property interest in the road to the County of Elko, thereby substantially diminishing the environmental protections for the adjacent wilderness areas. The district court approved the settlement, denied the motion to intervene as untimely, and entered a final order. The Wilderness Society and Great Old Broads for Wilderness appealed.

We review for abuse of discretion a district court's determination that an application for intervention is untimely. *Officers for Justice v. Civil Svc. Comm'n of the City & County of San Francisco,*

934 F.2d 1092, 1095 (9th Cir.1991). Timeliness is measured by reference to "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay." *County of Orange v. Air Calif.*, 799 F.2d 535, 537 (9th Cir.1986).

When the district court held that appellants' motion to intervene was untimely, it noted that they had filed the motion eighteen months after the complaint was filed, after six months of court-ordered mediation, and four days of settlement negotiations in front of a magistrate. The court also concluded that intervention would likely derail the parties' settlement. It found intervenors' argument that they did not know the Forest Service would not protect their interests unconvincing since they knew the issues and that the parties were attempting to reach a settlement.

■ We disagree. The intervenors acted as soon as they had notice that the proposed settlement was contrary to their interests. The mediation proceedings had been conducted under an order of confidentiality and the settlement negotiations were not conducted in open court. By entering into confidential settlement discussions the government does not give notice that it may not be adequately representing the interests of any group of citizens. We wish to encourage, not discourage, the government's participation in settlement discussions. More importantly, settlement negotiations would be severely impaired if every party that the government represents could intervene to participate as a matter of right simply because the negotiations were conducted in a confidential manner. For these reasons, we invoke the principle that until parties have notice that the government may not be representing their interests, parties are entitled to rely on the presumption that the government is representing their interests. *E.g., Forest Conservation Council*, 66 F.3d at 1499 ("a presumption of adequate representation generally arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee").

The district court was understandably concerned about the possibility that the settlement might be delayed and the consequent prejudice. That concern does not override the fact that prior to the announcement of the proposed agreement, the appellants were entitled to rely on the government to adequately protect their interests. It was only when the intervenors learned that the settlement constituted a substantial departure from the position that the government had maintained throughout the litigation that they sought to intervene.

We have, on occasion, been reluctant to require the granting of motions to intervene where lengthy settlement efforts might be disrupted and the applicants for intervention had notice of the existence of the suit. *See Air Calif.*, 799 F.2d at 537; *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir.1978). Those cases did not involve a claim of failure of a governmental agency to represent its citizens. The intervenors in the *Alaniz* case were all private class members who had received individual notices regarding the settlement process. *Id.* at 659 n. 3. The *Air California* case involved a refusal to allow a city to intervene in a suit that another city, a county, and citizens' groups had settled; there is no presumption that one governmental entity represents another. *Air Calif.*, 799 F.2d at 537.

■ In this case, the district court erred in denying appellants' motion to intervene. We reverse and remand with instructions

to grant the motion, and for further proceedings consistent with this opinion.

REVERSED and REMANDED.