Susan L. BOUMAN, an behalf of herself and all other similarly situated, Plaintiff—Appellee,

Association for Los Angeles Deputy Sheriffs, Intervenor—Appellant,

v.

Peter PITCHESS; County of Los Angeles; Los Angeles Sheriff's Department; Herbert Kaplan; Los Angeles County Department of Personnel; Civil Service Commission (U.S.), Los Angeles; John C. Bollens; Louise L. Frankel; Frank A. Works; James E. Kenney; George S. Nojima; Mary Quinney; John P. Knox; Leroy D. Baca, Sheriff of Los Angeles County, Defendants—Appellees.

---

No. 04–55587.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Filed Jan. 5, 2006.

Della Bahan, Janet M. Herold, Bahan & Associates, Dennis M. Harley, Dennis M. Harley Law Offices, Pasadena, CA, Richard P. St Clair, Richard P. St Clair Law Offices, Santa Monica, CA, for Plaintiff.

Douglas R. Hart, Elicia Nasrin Bernstein, Robert Philibosian, Tracey A. Kennedy, Sheppard Mullin Richter & Hampton, Mary Conway Wickham, Los Angeles County Counsel, John A. Daly, Dwyer Daly Brotzen & Bruno, Los Angeles, CA, for Defendants.

Elizabeth J. Gibbons, Richard A. Shinee, Green & Shinee, Encino, CA, for Intervenor.

Before BEEZER, HALL, and WARDLAW, Circuit Judges.

## MEMORANDUM *

The Association for Los Angeles Deputy Sheriffs (ALADS) moved to intervene as a matter of right pursuant to F.R.C.P. 24(a) and permissively pursuant to F.R.C.P. 24(b) in a class action suit filed against the Los Angeles Sheriff's Department (the Department). The district court denied the motion as untimely. ALADS appeals.

### I

The denial of a motion for intervention as a matter of right is appealable as a final decision within the meaning of 28 U.S.C. § 1291. *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998). We review the denial of a motion to intervene as a matter of right de novo; however, we review a finding of untimeliness for an abuse of discretion. *Northwest Forest Res. Council v. Glickman,* 82 F.3d 825, 836 (9th Cir. 1996).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

We "have never squarely held that the denial of a motion to intervene permissively is a 'final decision' within the meaning of 28 U.S.C. § 1291[.]" *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1307 (9th Cir.1997) (*"LULAC"*). We first determine whether the denial of a motion to intervene permissively was an abuse of discretion. *Id.* at 1308. If so, we retain jurisdiction and will reverse; if not, we will dismiss for want of jurisdiction. *Id.*

Accordingly, we review the district court's denial of ALADS's motion to intervene both as a matter of right and permissively for an abuse of discretion.

## II

The parties are familiar with the facts asserted by ALADS in support of its motion and we need not repeat them here. Timeliness is one of the elements a nonparty must demonstrate in order to intervene as a matter of right and to intervene permissively. We consider the same three factors when determining whether a motion to intervene as a matter of right or a motion to intervene permissively is timely. *LULAC,* 131 F.3d at 1308. Those factors are: (A) the stage of the proceeding; (B) whether the existing parties will be prejudiced by the intervention; and (C) the reason for the delay. *Northwest Forest Res.,* 82 F.3d at 836.

## A

Considering the first factor, we note that "intervention after entry of a consent decree is reserved for exceptional cases." *Alaniz v. Tillie Lewis Foods,* 572 F.2d 657, 659 (9th Cir.1978). The Department and plaintiff class entered into the consent decree enjoining the Department from discriminating in promotions or job assignments in 1993. Implementing validated selection criteria is one of the last steps the Department must take to comply with the decree. The negotiations between the plaintiff class and the Department relating to implementation are an indication the litigation is "beginning to wind itself down." *LULAC,* 131 F.3d at 1304.

## B

We have "emphasized the seriousness of the prejudice which results when relief from longstanding inequities is delayed." *Alaniz,* 572 F.2d at 659. The underlying litigation began in 1980, the district court entered a judgment for the plaintiff class in 1988 and we affirmed in 1991. *See Bouman v. Block,* 940 F.2d 1211 (9th Cir. 1991). The district court ordered the Department undertake the validation studies as a form of relief in 1997. ALADS's joinder will prolong an already lengthy process and further delay that relief. *See LULAC,* 131 F.3d at 1304.

## C

"[T]he crucial date in assessing the timeliness of an intervention motion is the date that the applicant should have been aware [its] interest[s] would no longer be adequately protected by the parties." *LULAC,* 131 F.3d at 1304 (second and third alterations in original) (internal quotations omitted). ALADS should have been aware that the implementation of validated criteria might detrimentally affect its interests: it has been negotiating with the Department since 1999 to reconcile the interim selection procedures with its own interests. If such negotiations have been necessary during the interim, ALADS should have realized its interests could be detrimentally affected when the permanent procedures were put in place. ALADS has proffered no valid reason for its delay.

## III

The district court did not abuse its discretion in determining that ALADS's motion to intervene is untimely. The judgment as to the motion to intervene as a matter of right is **AFFIRMED** and the appeal as to the motion to intervene permissively is **DISMISSED**.