**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-counter-defendant-*
*Appellee,*

v.

JOHN C. CARPENTER; GRANT
GERBER; Q. JOHNSON O.,
          *Defendants,*

and

COUNTY OF ELKO,
      *Defendant-Appellee,*

THE WILDERNESS SOCIETY; GREAT
OLD BROADS FOR WILDERNESS,
*Defendants-Intervenors-Appellants.*

No. 06-15596

D.C. No.
CV-99-00547-
RLH/RAM

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Argued and Submitted
February 27, 2008—Pasadena, California

Filed May 20, 2008

Before: Mary M. Schroeder, Dorothy W. Nelson and
Stephen Reinhardt, Circuit Judges.

Opinion by Judge Schroeder

**COUNSEL**

Elizabeth Ann Peterson, AUSA, Washington, DC, for plaintiff-counter-defendant-appellee United States of America.

Kristin McQueary, Elko, Nevada, for defendant-appellee County of Elko.

Michael S. Freeman, Denver, Colorado, for defendants-intervenors-appellants The Wilderness Society et al.

**OPINION**

SCHROEDER, Circuit Judge:

This is a dispute over the status of a road on U.S. Forest Service land in Elko County, Nevada. The case was before us for the first time in 2002. *See United States v. Carpenter*, 298 F.3d 1122 (9th Cir. 2002). At that time, the intervenor-appellant environmental groups wanted to object to the terms of a proposed settlement between the United States and Elko County that effectively allowed the County to repair the road. We ordered the district court to grant the motion to intervene. *Id.* at 1125.

The intervenor-appellants are now back, claiming that the district court disregarded our mandate by not permitting them to intervene in the Quiet Title Act portion of the suit that was the subject of the proposed settlement and therefore was the critical part of the litigation. The district court, after our decision, permitted the intervenor-appellants to appear only as amici during the settlement approval proceedings; it denied their motion to participate in an evidentiary hearing. After the hearing, the court ruled against their position on the merits without, in appellants' view, permitting them adequate participation. The intervenor-appellants now want us not only to vacate the approval so that they can fully present their position, but they also want us to reach the merits and rule in their favor.

For their part, the United States and the County defend the settlement, contending that the intervenors' participation was adequate because the district court properly, in appellees' view, ruled that the intervenors lacked standing to participate as a party in the quiet title proceedings in light of their lack of any property interest in the disputed right of way for the road. Resolution of the appeal therefore requires some understanding of the procedural history of the case both before the first appeal and after our prior opinion.

## I.   Background

We begin with the initiation of the lawsuit in 1999 by the United States against residents of Elko County who were using self-help measures to restore one of the old logging roads near a wilderness area. *Carpenter*, 298 F.3d at 1124. The residents were known as the "Shovel Brigade." The United States at that time was concerned about the degradation of the environment through the adverse effect the Shovel Brigade was having on bull trout in the river adjacent to the roadway, and the threat to maintaining the pristine nature of that area. Because the road leads to the Jarbidge Wilderness Area, the restoration of the roadway would have increased

traffic into the wilderness preserve. The U.S. Attorney General filed this suit alleging two causes of action: unlawful take of threatened bull trout in violation of the Endangered Species Act, 16 U.S.C. § 1538(a)(1)(G), and common law trespass.

The district court added Elko County as a party defendant, and it filed a counterclaim under the Quiet Title Act, 28 U.S.C. § 2409a, alleging that title to an easement for the roadway should be quieted in the County as opposed to the United States. The district court ordered the parties to mediation. As we stated in our prior opinion, when the district court sent the United States and the County to mediation, the parties agreed that the discussions would be confidential. *Carpenter*, 298 F.3d at 1124. The negotiations were protracted but agreement was eventually reached:

> The parties returned to court after months of unsuccessful negotiations, and the district court ordered further confidential settlement proceedings, this time before a Magistrate Judge. On March 2, 2001, the parties notified the court that they had reached a tentative agreement, and the court lifted the confidentiality order covering the mediation proceedings so that the agreement could be publicly disseminated. The United States agreed that it would not contest that Elko County had a right of way to the road, but did not waive its authority to manage federal lands and natural resources in accordance with federal environmental laws. The defendants agreed that they would not do any work on the road without receiving prior approval from the Forest Service and that they would comply with federal environmental laws.

*Id.* It was at that point, after the settlement had been proposed and the intervenor environmentalists became aware of the terms of the settlement, that they sought to intervene. *Id.* at 1125.

The district court originally denied intervention, principally on the ground that the application was not timely. *Id.* at 1124. We reversed the denial of intervention, holding that the application was timely in the circumstances, and that the intervenors met the requirements for intervention because their interests at that point were no longer being represented by any party to the proceeding. We ordered the court to grant the intervention. *Id.* at 1125-26.

That was six years ago. After we remanded the case to the district court, the appellants renewed their motion to intervene and attempted to file cross-claims against the United States pursuant to the Administrative Procedure Act ("APA"), directly challenging the terms of the settlement agreement as violative of the National Environmental Protection Act ("NEPA"), 42 U.S.C. § 4332, the Federal Land Protection Management Act ("FLPMA"), 42 U.S.C. § 1701 *et seq.*, and Forest Service regulations, 36 C.F.R. pt. 251. The district court denied intervention in the Quiet Title Act claim, stating in its order that appellants have "neither constitutional nor prudential standing to contest Elko County's easement claim." It did, however, permit the appellants to intervene to assert their cross-claims against the United States but dismissed those cross-claims on the ground that the Attorney General's decision to settle litigation is not reviewable under the APA. Nevertheless, the district court judge then assigned to the case, Judge Hagen, stayed the settlement approval proceeding until the United States demonstrated that it complied with the FLPMA, NEPA, and Forest Service regulations.

When Judge Hagen retired, Judge Hunt took over the case, and lifted the stay. He agreed with the previous Judge's orders denying intervention, but disagreed with the order requiring compliance with the various environmental laws. The court held hearings on the merits of the settlement, but did not permit the appellants to present evidence or participate as parties. It then approved the settlement and the appellants filed this appeal. They contend that the district court failed to follow

our prior mandate when it denied them full participation in the settlement approval proceedings, and that the district court erred in dismissing their cross-claims attacking the terms of the settlement.

## II.   Analysis

We turn first to whether the district court failed to follow the law of the case in denying intervenor-appellants full participation in the settlement proceedings. The appellants contend that our mandate required such participation, while the appellees contend that we did not decide in the prior opinion that appellants were entitled to participate in the Quiet Title Act action, and that the district court was correct in denying them participation as parties in that claim because of their lack of a property interest in the subject matter of the dispute, i.e., the right-of-way for the road. Everyone agrees that the interest of the intervenor-appellants is the use and enjoyment of the unique aesthetic environment of this wilderness area and that they have no property interest.

**[1]** We look first to the scope of our prior mandate. In the earlier appeal we clearly, and without equivocation, ordered the district court to permit intervention in the case. *Carpenter*, 298 F.3d at 1125-26. The case included the Quiet Title Act claim. Indeed, it was apparent that the controversial settlement could not be discussed outside the context of the Quiet Title Act claim. At that time, that was all the case was about. We ordered intervention without requiring intervenors to assert a property interest in the easement.

**[2]** To the extent that the United States is arguing that intervenor-appellants lack any interest in the quiet title action, we believe that position is foreclosed by our prior opinion, in which we held that the intervenors were entitled to intervene because they had the requisite interest in seeing that the wilderness area be preserved for the use and enjoyment of their members. This interest was sufficient to allow them to inter-

vene under Federal Rule of Civil Procedure 24(a) and to satisfy any requirements of Article III standing.

Our prior decision is in accord with the only other circuit case to deal with intervention in a Quiet Title Act action, the recent Tenth Circuit decision in *San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007). There the Tenth Circuit held that a conservation group did not need to claim a property interest in a road in order to intervene in a quiet title action. *Id.* at 1200. Instead, the group's interest in the environmental impact of vehicular traffic on the road satisfied the condition of Rule 24(a)(2) that an intervenor claim "an interest relating to the property or transaction which is the subject of the action." *Id.* at 1201.

**[3]** Although our prior opinion foreclosed any argument that appellants were not entitled to intervene, we did not suggest that the appellants' approval of the settlement was required. We recognize that the intervenors whose claims are not the subject of a settlement cannot veto that settlement. *See Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 529 (1986) ("[W]hile an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent."). The district court was clearly concerned that the intervenor, whose interests were limited to use and enjoyment of the land, asserted no property interest in the right of way at issue. This concern does not warrant the exclusion of the intervenors from participating as parties in ongoing proceedings, including settlement review proceedings. It does mean, however, that intervenors' consent is not required for approval of the settlement between the parties asserting property interests.

**[4]** Because the intervenors were not permitted to participate in the settlement review proceedings, the approval of the settlement must be vacated. The district court should not take

any new action on the settlement before considering the contentions of the intervenors as well as the other parties.

The district court held that it lacked jurisdiction over appellants' cross-claims under the APA, 5 U.S.C. § 702, because the Attorney General's decision to enter into the settlement agreement was not an "agency action" subject to judicial review under the APA. To the extent that the district court meant that decisions of the Attorney General are never reviewable because they do not result from notice-and-comment decisionmaking, that conclusion was plainly incorrect. "Final actions of the Attorney General fall within the definition of agency action reviewable under the APA." *Banzhaf v. Smith*, 737 F.2d 1167, 1168 (D.C. Cir. 1984) (en banc) (per curiam); *see also Morris v. Gressette*, 432 U.S. 491, 500-01 (1977) (characterizing the Attorney General's decision not to file an objection under the Voting Rights Act as an agency action, but holding that Congress intended such action to be nonreviewable); *Proietti v. Levi*, 530 F.2d 836, 838 (9th Cir. 1976) (holding that the Attorney General's decision whether to certify that the federal employee defendant was acting within the scope of his employment under the Federal Drivers Act was a judicially reviewable agency action under the APA).

On appeal, the United States does not contend that the decision to enter the settlement agreement was not an "agency action." Instead, it interprets the district court's holding to mean that the Attorney General's decision to settle a case constitutes an action that is "committed to agency discretion by law" and is therefore unreviewable pursuant to 5 U.S.C. § 701(a)(2). *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971) (holding that the "committed to agency discretion by law" exception to reviewability arises when there is "no law to apply" to the agency action). Such a holding would be contrary to federal law.

**[5]** While it is true that the Attorney General has plenary discretion under 28 U.S.C. §§ 516 and 519 to settle litigation

to which the federal government is a party, *see United States v. Hercules, Inc.*, 961 F.2d 796, 798 (8th Cir. 1992); *see also United States v. Am. Prod. Indus., Inc.*, 58 F.3d 404, 407 (9th Cir. 1995), a decision that is discretionary is not rendered unreviewable in all circumstances. Rather, "[w]here an action is committed to absolute agency discretion by law, . . . courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." *Guadamuz v. Bowen*, 859 F.2d 762, 767 (9th Cir. 1988); *see also Ness Inv. Corp. v. U.S. Dep't of Agric.*, 512 F.2d 706, 714 (9th Cir. 1975) (holding that discretionary agency actions are reviewable where the claim alleges "that an agency . . . abused its discretion by exceeding its legal authority or by failing to comply with its own regulations").

[6] The appellants' cross-claims allege that the United States granted the County a property interest in public land without complying with the procedural mechanisms for relinquishing title or issuing rights-of-way set forth in the FLPMA. Put differently, the appellants argue not that the Attorney General exercised his discretion poorly but that he settled the lawsuit in a manner that he was not legally authorized to do—in other words, that he "exceeded [his] legal authority." *Guadamuz*, 859 F.2d at 767. Therefore, under *Ness* and *Guadamuz*, the appellants' cross-claims are reviewable, and the district court erred in concluding otherwise.

[7] Our conclusion is in line with a decision of the Fourth Circuit in a similar context. Relying on this Court's opinion in *Guadamuz*, the Fourth Circuit held, in *Executive Business Media, Inc. v. U.S. Department of Defense*, 3 F.3d 759, 761 (4th Cir. 1993), that the Attorney General's decision to settle a contract case was judicially reviewable where the claim alleged that the settlement "fail[ed] to comply with competitive bidding procedures." Acknowledging the Attorney General's plenary power over litigation to which the federal government is a party, the Fourth Circuit nevertheless

explained that "plenary power means absolute authority to pursue legitimate objectives and does not include license to agree to settlement terms that would violate the civil laws governing the agency." *Id.* at 762. We find the Fourth Circuit's reasoning persuasive in this case. We agree with its statement that, "[w]e think it alien to our concept of law to allow the chief legal officer of the country to violate its laws under the cover of settling litigation. The Attorney General's authority to settle litigation for its government clients stops at the walls of illegality." *Id.* at 762. We adopt the reasoning of the Fourth Circuit in *Executive Business*.

**[8]** Here, the appellants' cross-claims allege that the Attorney General circumvented federal law by entering into the settlement agreement with Elko County. Because this Court's precedent makes clear that such claims are reviewable under the APA, we reverse the district court's dismissal of the appellants' cross-claims and remand for consideration on the merits.

The appellants would like to short circuit the district court proceedings and have us decide the merits of their position with respect to the settlement. It would not be appropriate, however, for us to reach the merits of their position until it is fully legally and factually developed in a record before the district court. This is what the district court's denial at intervention prevented.

We are aware that other events have taken place that may bear on the proceedings in this case. The intervenor-appellants have filed an independent action in district court to challenge the Forest Service's decision to open a road to vehicular traffic and we are also aware that the construction of the road has begun. We express no opinion on the merits of this independent action or whether, on remand, any party may successfully contend that the matter has become moot.

Accordingly, pursuant to our earlier mandate, we hold that the district court must permit the intervenors to participate as

parties in advocating their position in the Quiet Title Act action. We must vacate the settlement approval to effectuate that result. We also hold that the intervenors' cross-claims are reviewable under the APA.

The approval of the settlement of the Quiet Title Act claim is vacated, as is the district court's order denying the appellants' motion to intervene. The district court's dismissal of the appellants' cross-claims is reversed. The case is remanded for further proceedings consistent with this opinion.

**VACATED** in part, **REVERSED** in part, and **REMANDED**.