**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 16 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-57098 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-02667-GPS-E |
| v. | |
| STATE OF CALIFORNIA, | MEMORANDUM* |
| Defendant - Appellee, | |
| v. | |
| DANIEL JAMES TREBAS, | |
| Movant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Submitted August 13, 2013**
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Daniel James Trebas, together with other residents of the Atascadero State Hospital ("Trebas"), moved, pro se, to intervene in a suit by the United States against state officials responsible for California's mental health services. The district court denied the motion to intervene as untimely.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review de novo the denial of a party's motion to intervene as a matter of right, except for the issue of timeliness, which we review for an abuse of discretion. *NAACP v. New York*, 413 U.S. 345, 366 (1973); *Cnty. of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

Federal Rule of Civil Procedure 24(a) provides that "[o]n a timely motion, the court must permit" the intervention of an applicant who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Although Rule 24 is construed broadly in favor of intervenors, *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc), the applicant bears the burden of showing that each of the elements is met, *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006).

Timely filing is a "threshold requirement" for intervention as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citation omitted). Courts in the Ninth Circuit evaluate three factors to determine the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citation and internal quotation marks omitted). The district court applied the correct Ninth Circuit standard and did not err by failing to consider the prejudice that the proposed intervenors would suffer if their motion were denied, a factor considered by other circuits but not our own.

The motion to intervene was filed more than four years after the court approved the consent judgment. The district court did not abuse its discretion in concluding that the motion to intervene was filed at a late stage in the proceedings. *See Cnty. of Orange*, 799 F.2d at 538 (concluding that a motion to intervene was untimely where the movant waited to file until after the parties had reached an agreement).

Nor did the district court abuse its discretion in concluding that the motion to intervene filed just before the consent judgment regarding Atascadero was set to

3

expire would prejudice the existing parties, who expended considerable efforts investigating the alleged violations, negotiating a settlement, and implementing the consent judgment. *Id*.

"A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." *United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990) (internal quotation marks and citation omitted). The monitor's inspections occurred semi-annually from 2007 through 2011, and Trebas concedes that at least some of the proposed intervenors have resided in Atascadero since 2007 and were aware of the consent judgment. The district court did not abuse its discretion in concluding that the delay in filing was not convincingly explained. *See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (emphasizing that proposed intervenors should have recognized the risk that settlement decree could be to their detriment and not waited over two years after suit was filed to intervene).

**AFFIRMED.**