**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company,<br><br>    Plaintiff-Appellee,<br><br> and<br><br>CROP USA INSURANCE AGENCY, INC., an Idaho corporation; CROPUSA INSURANCE SERVICES LLC, an Idaho limited liability company; AIA INSURANCE, INC., an Idaho corporation; AIA SERVICES CORPORATION, an Idaho corporation; R. JOHN TAYLOR, an individual, AKA R. Johnson Taylor, AKA Ray Johnson Taylor, AKA Raymond J. Taylor; REINSURANCE PARTNERS LLC, an Idaho limited liability company; GREEN LEAF REINSURANCE PARTNERS LLC, a Delaware limited liability company; SOUND INSURANCE AGENCY; JOLEE DUCLOS, an individual; HILLCREST AIRCRAFT COMPANY,<br><br>    Defendants-Appellees,<br><br> v. | No. 15-55332<br><br>D.C. No.<br>2:13-cv-05504-SJO-MAN<br><br>MEMORANDUM[*] |

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DONNA J. TAYLOR,

Intervenor-Appellant.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 9, 2017[**]
Pasadena, California

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Donna Taylor appeals from the district court's denial of her motion to intervene. The district court ruled that her motion was untimely. We affirm.

1.     The district court did not abuse its discretion in ruling that the motion to intervene was untimely.[1] *See United States v. Alisal Water Corp.*, 370 F.3d 915, 918–19 (9th Cir. 2004). It rationally weighed all three considerations for

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Taylor contends that we should review de novo the timeliness issue, relying on *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In that case, however, de novo review was appropriate because the district court denied the appellant's motion to intervene in a one-sentence order that did not specify whether the denial was based on a finding of untimeliness. *Id.* By contrast, the district court here denied the motion in an eight-page order clearly explaining why the district court found Taylor's motion to be untimely. Accordingly, abuse of discretion is the appropriate standard of review.

2

determining whether a motion to intervene is timely. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) ("In determining whether a motion for intervention is timely, we consider three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" (citation omitted)). Taylor's decision to delay intervention until after the parties had reached a settlement agreement "weigh[s] heavily against" intervention. *Orange Cty. v. Air Cal.*, 799 F.2d 535, 538 (9th Cir. 1986); *see also Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984) (affirming the district court's ruling "that intervention on the eve of settlement following several years of litigation was not timely"). It was reasonable for the district court to conclude that prejudice would result if Taylor were permitted to contest the terms of the parties' settlement. *See United States v. Oregon*, 913 F.2d 576, 589 (9th Cir. 1990). Fourteen months elapsed between the start of the lawsuit in July 2013 and the September 2014 settlement, during which time Taylor knew that no one was asserting her illegality defense. An additional four months passed between the settlement and Taylor's January 2015 motion to intervene. It was not an abuse of discretion for the district court to find that Taylor should have moved to intervene sooner.

That a party or the court can raise the issue of illegality at any stage in the proceedings, *see, e.g., Taylor v. AIA Servs. Corp.*, 261 P.3d 829, 841–42 (Idaho 2011), does not absolve potential interveners of their duty to "act as soon as [they] 'know[] or ha[ve] reason to know that [their] interests might be adversely affected by the outcome of the litigation.'" *Oregon*, 913 F.2d at 589 (citation omitted). Taylor, knowing that this lawsuit potentially affected her interests, was not permitted to wait on the sidelines hoping that another party or the court would step up to the plate for her. *Cf. Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978) (per curiam) ("The crux of appellants' argument is that they did not know the settlement decree would be to their detriment. But surely they knew the risks. To protect their interests, appellants should have joined the negotiations before the suit was settled."). Taylor's lack of resources to hire a California attorney also does not excuse her failure to intervene sooner. *See Alisal Water Corp.*, 370 F.3d at 923–24 ("An applicant's desire to save costs by waiting to intervene until a late stage in litigation is not a valid justification for delay. To hold otherwise would encourage interested parties to impede litigation by waiting to intervene until the final stages of a case.").

2.      We lack jurisdiction to review anything other than the district court's denial of Taylor's motion to intervene. *See Alaniz*, 572 F.2d at 659 ("Inasmuch as

appellants' application for intervention was properly denied, they are without standing to litigate the merits of the decree.  Therefore, appellants' other arguments are to no avail." (citation omitted)); *Pellegrino v. Nesbit*, 203 F.2d 463, 468–69 (9th Cir. 1953) (holding that where the original parties to a suit did not appeal, "[o]ur jurisdiction is . . . limited to review of the final order from which appellant appeals, that is, the denial of the motion to intervene").  We therefore decline Taylor's invitation to decide whether the agreements underlying this dispute were illegal and unenforceable.

**AFFIRMED**.