NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff-Appellee,

v.

AMERICAN AIRLINES, INC.; ENVOY
AIR, INC.,

Defendants-Appellees,

v.

LAWRENCE M. MEADOWS, Proposed
Intervenor,

Movant-Appellant.

No.    18-16204

D.C. No. 2:17-cv-04059-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

_____

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Meadows's request for oral argument is denied.

Lawrence M. Meadows appeals pro se from the district court's order denying his post-judgment amended motion to intervene. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's denial of a motion to intervene as a matter of right, and we review for an abuse of discretion the district court's decision on the timeliness of the motion. *Orange County v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986). We affirm.

The district court properly denied Meadows's post-judgment amended motion to intervene because it was untimely. *See Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 658 (9th Cir. 1978) (motion to intervene filed 17 days after consent decree became effective was untimely); *Orange County*, 799 F.2d at 538 (motion to intervene filed after tentative settlement reached was untimely); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (timeliness is a threshold requirement for intervention).

The district court did not abuse its discretion by denying Meadows's motion for reconsideration because Meadows failed to set forth any basis for relief. *See Sch. Dist. No. 1J. Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and grounds for relief under Fed. R. Civ. P. 59(e)).

We lack jurisdiction to review anything other than the district court's denial of Meadows's motion to intervene. *See Alaniz*, 572 F.2d at 659 ("Inasmuch as appellants' application for intervention was properly denied, they are without

standing to litigate the merits of the decree.").

All pending motions and requests are denied.

**AFFIRMED.**