934 F.2d 1092
 56 Fair Empl.Prac.Cas. 262,
56 Empl. Prac. Dec. P 40,881, 19 Fed.R.Serv.3d 1524
 OFFICERS FOR JUSTICE, et al., Plaintiff,
v.
CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF SAN
FRANCISCO, Defendant-Appellee.
Louis Calabro, Applicant in intervention-Appellant.
UNITED STATES of America; Officers for Justice, et al.,
Plaintiffs-Appellees,
San Francisco Police Officers' Association,
Defendant-intervenor-Appellant,
v.
CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF SAN
FRANCISCO, Defendant-Appellee.
 Nos. 89-16396, 89-16569.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1991.
Decided June 11, 1991.
 
 Louis Calabro, San Bruno, Cal., for plaintiff-intervenor-appellant.
 Duane W. Reno, Davis, Reno & Courtney, San Francisco, Cal., for defendant-intervenor-appellant.
 Barron L. Weinstein, Deputy City Atty., San Francisco, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN, THOMPSON and O'SCANNLAIN, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 OVERVIEW
 
 1
 This appeal involves the interpretation of a consent decree approved by the district court in 1979. The decree was designed to remedy racial and gender discrimination in the hiring and promotion practices of the San Francisco Police Department. We affirm the district court's holding that the promotional obligations under paragraph 10a(4) of the decree do not continue to accrue until the decree is terminated. We also conclude the district court erred in determining that Louis Calabro's motion to intervene in the case was untimely. Accordingly, we affirm in part, but vacate the district court's judgment regarding the issue of intervention and remand for the district court to determine if Calabro satisfies the requirements to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).
 
 FACTS AND PROCEEDINGS
 
 2
 In 1973, individual plaintiffs and Officers for Justice ("OFJ"), an organization representing various minority interests, brought suit against the San Francisco Civil Service Commission, the San Francisco Police Commission, and the Chief of the San Francisco Police Department. The suit alleged racial and gender discrimination in the employment practices of the San Francisco Police Department. In 1977, the San Francisco Police Officers Association ("POA") intervened as a defendant. The United States subsequently brought suit against the City and County of San Francisco for discriminatory employment practices. This suit was consolidated with the suit brought by OFJ.[1]
 
 
 3
 In 1979, the parties entered into a consent decree. The district court approved the decree on March 30, 1979. The parties to the decree are the City and County of San Francisco, the Civil Service Commission, the OFJ, the United States, and the POA. The decree prohibits the City from using methods in its hiring and promotions that have an adverse impact on women and minorities. The decree also requires the City to exercise good faith in increasing the opportunities for women and minorities within the San Francisco Police Department.
 
 
 4
 Paragraph 10b(6) of the decree obligates the City to make a specified number of promotions to the ranks of captain and lieutenant over a four-year period. Paragraph 10a(4) obligates the City to promote a specified number of persons annually to the ranks of assistant inspector and sergeant "through the termination date of this decree." Paragraph 20 of the decree governs the effective period of the decree:
 
 
 5
 This Decree shall continue in full force and effect for a period of ten years from and after the date of final approval hereof by the Court. The Decree shall terminate upon filing of an order of dismissal with prejudice by defendants at any time after the expiration of this ten year period, unless plaintiffs show good cause upon motion served and filed prior to termination why the Court's jurisdiction should be continued.
 
 
 6
 Because of delays in administering promotional examinations, the City failed to make most of the promotions required by the decree. In response to this failure, the district court entered a "Supplemental Order" on October 27, 1986. This order established a schedule for the administration of the promotional examinations and was designed to accelerate the decree's promotional opportunities.
 
 
 7
 By 1988, the City still had not made most of the required promotions. Because the parties were nearing the end of the ten-year period specified in paragraph 20, the district court held hearings to resolve questions pertaining to the expiration date of the decree. In a hearing on March 21, 1989, the district court ruled the decree does not terminate automatically by its own terms on March 30, 1989; rather, the City must move to terminate it and obtain a court order to this effect.
 
 
 8
 One of the issues in this appeal is whether the promotional obligations in paragraph 10a(4) continue to accrue annually beyond March 30, 1989. On August 10, 1989, the district court initially held that the promotional obligations continue to accrue until the City moves to terminate the decree and the court grants the motion. The City moved for reconsideration on August 25, 1989. The district court granted this motion on November 15, 1989, and on reconsideration determined that the promotional obligations under paragraph 10a(4) do not continue to accrue after March 30, 1989.
 
 
 9
 On September 22, 1989, Louis Calabro, a white male and a lieutenant in the San Francisco Police Department, sought to intervene on behalf of the City in its motion for reconsideration. The district court denied Calabro's motion to intervene, but allowed Calabro to address the court during a hearing on the City's motion for reconsideration. Calabro then filed a second motion to intervene. The district court again denied the motion but accepted Calabro's Memorandum of Points and Authorities as amicus curiae.
 
 
 10
 The POA appeals the district court's November 15th order in which it held that the promotional obligations under paragraph 10a(4) do not continue to accrue after March 30, 1989. Calabro appeals the district court's denial of his motion to intervene.
 
 A. Interpretation of the Consent Decree
 
 11
 We review de novo the district court's interpretation of the consent decree. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). However, we give deference to the district court's interpretation based on the court's extensive oversight of the decree from the commencement of the litigation to the current appeal. Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 893 (9th Cir.1982); Brown v. Neeb, 644 F.2d 551, 558 n. 12 (6th Cir.1981). We conclude the district court did not err in its interpretation of the decree.
 
 
 12
 The number of promotions required by paragraph 10a(4)[2] and paragraph 10b(6)[3] are based on the annual number of promotions historically made by the San Francisco Police Department. Because the accrual of promotions to assistant inspector and sergeant under paragraph 10a(4) would be inconsistent with the limitation on the number of promotions to captain and lieutenant under paragraph 10b(6), the district court concluded the parties to the decree did not intend the paragraph 10a(4) obligations to accrue after the ten-year period which expired March 30, 1989. The district court reasoned:
 
 
 13
 It would be unreasonable to assume that the Decree intended to alter the historically-maintained proportion in appointments to the various rank levels by having some promotion obligations continue to accrue while others ceased to do so.
 
 
 14
 This determination is supported by the language of the decree. In paragraph 10a(4), the decree provides that the City will make annual promotions to assistant inspector and sergeant "from and after August 1, 1981, through the termination date of this decree." In paragraph 10b(6), the decree requires the City to make a specified number of promotions to lieutenant and captain "between August 1, 1985 and the termination date of this decree...." Paragraph 10b(6) further provides that this obligation "shall be measured over this four year period...."
 
 
 15
 The phrase "this four-year period" defines "the termination date of this decree" in paragraph 10b(6). Thus, the promotional obligations under paragraph 10b(6) terminated on March 30, 1989. Inferentially, the phrase "termination date" in paragraph 10a(4) would have the same definition. We conclude, as did the district court on reconsideration, that promotions under paragraph 10a(4) of the decree do not accrue beyond March 30, 1989.
 
 B. Intervention
 
 16
 Calabro attempted to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) after the district court initially held that the promotional obligations under paragraph 10a(4) would continue to accrue after March 30, 1989, the ten-year period specified in paragraph 20. Calabro contends his opportunities for promotion have been harmed by the decree in violation of his civil rights. If allowed to intervene, Calabro would argue that the decree expired by its own terms on March 30, 1989, and thus the decree's provisions, other than those affected by the Supplemental Order, are no longer in effect.
 
 
 17
 The district court denied Calabro's motion to intervene. The district court found that Calabro's motion to intervene was untimely because he filed it approximately sixteen years after the complaint had been filed and ten years after the court had approved the decree.
 
 
 18
 We review for abuse of discretion the district court's determination that Calabro's intervention motion was untimely. County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir.1986), cert. denied, 480 U.S. 946, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). Because the district court erroneously focused on the amount of time that had passed since the commencement of the litigation, we vacate the district court's judgment and remand for consideration of whether Calabro satisfies the requirements of Federal Rule of Civil Procedure 24(a)(2).[4]
 
 
 19
 Rule 24(a)(2) requires a timely motion to intervene. Air California, 799 F.2d at 537. Whether a motion is timely is determined by analyzing three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." Id. Although a lapse of time is not determinative, a substantial delay will weigh heavily against intervention. Id. In analyzing timeliness, however, the focus is on the date the person attempting to intervene should have been aware his "interest[s] would no longer be protected adequately by the parties," rather than the date the person learned of the litigation. Legal Aid Soc'y v. Dunlop, 618 F.2d 48, 50 (9th Cir.1980); see also United Airlines, Inc. v. McDonald, 432 U.S. 385, 394, 97 S.Ct. 2464, 2469, 53 L.Ed.2d 423 (1977).
 
 
 20
 Until August 1989, the POA adequately represented Calabro's interests. The POA initially took the position that the decree automatically terminated after the ten-year period specified in paragraph 20. However, after the district court's initial holding that the promotional obligations under paragraph 10a(4) would continue to accrue, the POA changed its position and argued that the decree does not terminate until the City moves to terminate it and the court orders termination. When the POA changed its position, Calabro attempted to intervene to protect his own interests.[5]
 
 
 21
 The district court erroneously focused on the length of time that had passed from the date the decree was entered into and approved, rather than from the date Calabro's interests diverged from the POA's interests. Because Calabro filed his motion to intervene one month after the POA changed its position, we conclude Calabro's motion was timely. The record on appeal is not sufficiently developed, however, for us to determine whether Calabro satisfies the requirements of Rule 24(a)(2) for intervention as a matter of right. Accordingly, we remand to the district court for a determination of this question.
 
 
 22
 AFFIRMED in part, VACATED in part and REMANDED.
 
 
 
 [1]
 In this opinion, the defendants in both suits are referred to collectively as "the City."
 
 
 [2]
 Paragraph 10a(4) provides:
 In view of the fact that the rate of appointments in the past ten years for the rank of Sergeant has been twenty-five persons annually and fifteen persons annually for the rank of Assistant Inspector, the City shall maintain at least this rate of appointment in said ranks from and after August 1, 1981, through the termination date of this decree.
 
 
 [3]
 Paragraph 10b(6) provides:
 In view of the fact that the rate of appointments in the past ten years for the ranks of Lieutenant and Captain have averaged on an annual basis no less than twelve persons and four persons respectively, the City shall appoint between August 1, 1985 and the termination date of this decree in the aggregate forty-eight persons to the rank of Lieutenant and sixteen persons to the rank of Captain. This commitment shall be measured over this four-year period and not on an annual or other basis.
 
 
 [4]
 Rule 24(a)(2) provides:
 (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 Fed.R.Civ.P. 24(a)(2).
 
 
 [5]
 At oral argument, counsel for the POA admitted the POA changed its position. Apparently this change occurred because a majority of the POA's board members are lower ranked officers who, understandably, saw greater opportunity for promotion by the district court's initial ruling that the promotional obligations of the decree would continue beyond March 30, 1989