991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OFFICERS FOR JUSTICE, et al., Plaintiff-Appellee,
v.
CIVIL SERVICE COMMISSION OF CITY AND COUNTY OF SAN
FRANCISCO, Defendant-Appellee,
Louis Calabro, Applicant in Intervention-Appellant.
 No. 92-15189.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1993.*
Decided April 22, 1993.
 
 Before SCHROEDER, PREGERSON and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Louis Calabro ("Calabro") appeals pro se the district court's dismissal of his complaint on jurisdictional grounds. We affirm the decision of the district court that the claims are moot.[1]
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 To place this appeal in context, it is necessary to consider the factual and procedural history of the larger litigation of which this is a small part.[2] In 1973, several individual plaintiffs and an organization of non-white police officers, Officers for Justice, filed a Title VII suit against the San Francisco Civil Service Commission and the San Francisco Police Department (collectively, "the City"). The United States Department of Justice also brought suit against the City, and these cases were consolidated by the district court. The police officer's union, the San Francisco Police Officers' Association ("POA"), intervened as a defendant in the suit.
 
 
 4
 In March 1979, the parties entered into a Consent Decree approved by the district court. Under the terms of the Consent Decree, the City agreed to undertake a variety of steps to eliminate discrimination on the basis of race, national origin and gender in the hiring and promotional practices of the Police Department.
 
 
 5
 The Consent Decree initially provided for termination after ten years (in March 1989), but in 1986, upon agreement by the parties and approval by the district court, some of its provisions were extended beyond that date. In 1989, the district court again considered when the Consent Decree would expire, ruling that some of the 1986 provisions would continue until the defendant City moved for termination. This court upheld the district court's interpretation of the Consent Decree as extending beyond the original termination date. Officers for Justice v. Civil Service Com'n., 934 F.2d 1092 (9th Cir.1991).
 
 
 6
 Before his voluntary retirement in September 1991, Calabro had been a lieutenant in the San Francisco Police Department. He was an active member of the POA, but he began to have serious disputes with POA officers about the Consent Decree sometime in 1989. Specifically, Calabro urged POA officers to take a harder line in opposing extension of the Consent Decree beyond 1989. This dispute led Calabro to seek intervenor status in the litigation on the grounds that the POA no longer represented his interests.
 
 
 7
 This appeal arises from the district court's dismissal of Calabro's complaint as an intervenor. Calabro originally filed an application to intervene (and accompanying Memorandum of Points and Authorities) on September 22, 1989. In it, he claimed only injunctive relief, asking the district court to adhere to the Consent Decree's original termination date of December 1989. The district court initially had denied the application as untimely, but upon remand from this court, Officers for Justice, 934 F.2d at 1096, the district court granted Calabro intervenor status on July 25, 1991. Shortly thereafter, both plaintiff Officers for Justice and defendant City filed motions to dismiss Calabro's complaint.
 
 II. DISCUSSION
 
 8
 The district court found that it lacked jurisdiction over Calabro's complaint because it had become moot upon his retirement from the San Francisco Police Department. We review de novo a district court's dismissal on the basis of mootness. Friends of the Payette v. Horseshoe Bend Hydroelectric Co., 1993 U.S.App. LEXIS 5011, (March 19, 1993).
 
 
 9
 There is no longer the requisite "case or controversy" when the legal question before the court has been mooted by events subsequent to the initial filing of the complaint. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, reh'g denied, 300 U.S. 687 (1937); see also ALR, 40 L.Ed.2d 783, § 2a (1992). Mootness occurs when a party lacks a legally cognizable interest in the outcome of the litigation. Powell v. McCormack, 395 U.S. 486 (1969); Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir.1989). A federal court lacks jurisdiction to decide a moot case. U.S. Const. art. III, § 2; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).
 
 
 10
 Calabro filed his initial application for intervention and complaint in 1989. Nearly two years later, in September 1991, he voluntarily retired from the police force. Calabro's initial complaint sought injunctive relief--specifically, a ruling that the Consent Decree expired in 1989. His retirement removes him from the influence of the Consent Decree and, thus, from any relief the district court might grant.
 
 
 11
 Our conclusion is compelled by Doe v. Attorney General of the United States, 941 F.2d 780 (9th Cir.1991), in which we recently found a claim moot where the plaintiff could no longer benefit from the injunctive remedy he sought in his complaint. Doe involved a physician with AIDS who sued the FBI because, after receiving unconfirmed information that the doctor had AIDS, it stopped sending its agents to the physician for routine physicals. Before the doctor's case reached this court, his illness developed to the point where he could no longer work and he resigned; thus, he could not possibly have benefited from the injunctive relief he sought. Like the plaintiff in that case, Calabro's retirement makes it impossible for him to benefit from the injunctive remedy his complaint seeks.
 
 
 12
 Calabro argues that his claim should not fail for mootness because, although he personally could not benefit from the injunctive relief sought, other senior police officers could so benefit. But Calabro does not represent anyone but himself; the district court never certified an intervenor class of people situated similarly to Calabro, nor did Calabro ever request such certification.
 
 
 13
 In sum, we find that the district court properly dismissed Calabro's intervenor complaint for mootness. Calabro's voluntary retirement from the police force eliminated the controversy between the parties, making his complaint moot and removing the court's jurisdiction.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since we affirm on this basis, we do not reach the other issues raised by the Appellant
 
 
 [2]
 For more detailed descriptions of the factual and procedural background of this case, see Officers for Justice v. Civil Service Commission, 688 F.2d 615 (9th Cir.1982), cert. denied, 459 U.S. 1217 (1983); Officers for Justice v. Civil Service Commission, 473 F.Supp. 801 (N.D.Cal.1979)