NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | ) BAP No. CC-12-1538-KuPaTa |
| | ) |
| VAHE AFTANDILIAN, | ) Bk. No. 11-12992 |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| VAHE AFTANDILIAN, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) **MEMORANDUM**[*] |
| | ) |
| PRESTIGE MANAGEMENT GROUP, LLC,) | |
| | ) |
| Appellee. | ) |
| _____ | ) |

Argued and Submitted on February 20, 2014
at Pasadena, California

Filed – March 26, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Maureen A. Tighe, Bankruptcy Judge, Presiding

_____

Appearances: Appellant Vahe Aftandilian argued pro se; Lewis R. Landau of Horgan, Rosen, Beckham & Coren, LLP argued for appellee Prestige Management Group, LLC.

_____

Before: KURTZ, PAPPAS and TAYLOR, Bankruptcy Judges.

_____

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

**INTRODUCTION**

After obtaining relief from the automatic stay, appellee Prestige Management Group, LLC ("Prestige") conducted a nonjudicial foreclosure sale of the commercial real property owned by chapter 11[1] debtor Vahe Aftandilian. Aftandilian later filed a motion asking the bankruptcy court to declare the foreclosure sale void.

The bankruptcy court denied Aftandilian's declaratory relief motion. The bankruptcy court held that Aftandilian should have filed his request for declaratory relief as an adversary proceeding pursuant to Rule 7001 rather than as a contested matter motion under Rule 9014(a). The bankruptcy court also held that Aftandilian's motion was duplicative of one or more of the claims he asserted in his adversary proceeding against Prestige (Adv. No. 12-01230), which the bankruptcy court had dismissed with prejudice. The bankruptcy court further indicated that Aftandilian's motion offered the court no reason why it should depart from the analysis it had relied upon in dismissing the adversary proceeding.

We agree with the bankruptcy court's stated reasons for denying Aftandilian's motion, so we AFFIRM.

**FACTS**

In March 2011, Aftandilian commenced his bankruptcy case by

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

filing a chapter 11 petition.[2] In his bankruptcy schedules, Aftandilian listed Prestige as a secured creditor holding first and second trust deeds against Aftandilian's commercial real property located in Reseda, California. Aftandilian operated a car wash and an oil change business on part of the property and leased another portion of the property to a restaurant operator.

In August 2011, roughly five months after the bankruptcy filing, Prestige filed a motion for relief from the automatic stay under § 362(d)(1) and (2) to enable it to proceed with foreclosure and an action for possession of the property. On September 23, 2011, the bankruptcy court entered an order on Prestige's initial relief from stay motion. The order left the automatic stay in place, but required Aftandilian to make adequate protection payments of $22,547 per month. If Aftandilian defaulted on his adequate protection payments, the order further provided, Prestige could obtain termination of the automatic stay on an expedited basis and thereafter proceed with its foreclosure and its other remedies against the property.

Aftandilian apparently made the ordered adequate protection payments to Prestige, but Prestige nonetheless filed a new relief from stay motion in January 2012. According to Prestige, it had discovered that Aftandilian also owed a substantial amount of unpaid prepetition secured real property taxes against the

---

[2]Most of the facts set forth herein are undisputed and are drawn from the bankruptcy court's docket and the imaged documents attached thereto. We take judicial notice of the filing and contents of those documents. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989) (holding that the Panel can take judicial notice of contents of the bankruptcy court record).

property. These additional secured obligations, Prestige asserted, left its interest in the property inadequately protected.

The bankruptcy court once again declined to grant Prestige immediate relief from the automatic stay. Instead, the court set a schedule of monthly installments that it directed Aftandilian to pay in order to satisfy the unpaid prepetition property taxes, and it continued the relief from stay hearing so that the motion could be considered in conjunction with Aftandilian's and Prestige's competing reorganization plans and proposed disclosure statements.

In conjunction with the disclosure statement proceedings, the bankruptcy court ruled, on March 30, 2012, that it would grant Prestige relief from the stay. However, in granting stay relief, the court also granted Aftandilian a concession. Instead of permitting Prestige to immediately record a notice of sale, it ruled that the notice of sale could not be recorded before May 15, 2012, provided that Aftandilian made the adequate protection payments and the tax payments that were due in the interim. The order granting relief from stay, in relevant part, provided as follows:

> Movant may record its Notice of Trustee Sale on the first to occur of the following dates:
>
> a. Immediately upon dishonor of any check for one of the payments referred to in the following sections;
>
> b. April 2, 2012 if Debtor fails to email not later than April 2, 2012 to Movant's counsel a Los Angeles County receipt for payment of $3,548.98 paid on or before March 15, 2012 for the March, 2012 payment due under the Court's order entered February 21, 2012;
>
> c. April 2, 2012 but only if Debtor fails to deliver

4

$22,547.40 to Movant on or before April 2, 2012;

d. April 10, 2012 but only if Debtor: (1) fails to deliver $20,384.94 to the Los Angeles County Treasurer and Tax Collector by April 10, 2012 (with direction that payment is for the real property tax payments due on parcels 2103-026-034 & 2103-026-035 due not later than April 10, 2012); or (2) Debtor fails to email on or before April 10, 2012 to Movant's counsel a Los Angeles County receipt for payment of $20,384.94;

e. April 15, 2012 but only if Debtor: (1) fails to deliver $3,548.98 to the Los Angeles County Treasurer and Tax Collector by April 15, 2012; or (2) Debtor fails to email not later than April 15, 2012 to Movant's counsel a Los Angeles County receipt for such payment;

f. May 1, 2012 but only if Debtor fails to deliver $22,547.40 to Movant on or before May 1, 2012;

g. May 15, 2012 but only if Debtor: (1) fails to deliver $3,548.98 to the Los Angeles County Treasurer and Tax Collector by April 15, 2012; or (2) Debtor fails to email not later than Mary 15, 2012 [sic] to Movant's counsel a Los Angeles County receipt for such payment;

h. May 16, 2012.

Order Granting Relief from Stay (April 23, 2012) at ¶ 11.d.

Aftandilian appealed the relief from stay order, and also sought an emergency stay of the foreclosure from the Panel. The Panel issued an order on May 30, 2012 granting a temporary stay to maintain the status quo while the Panel considered the emergency stay motion. However, the Panel issued a subsequent order on June 5, 2012, denying Aftandilian's emergency stay motion and dissolving the temporary stay. According to the Panel's June 5 order, Aftandilian had not demonstrated a sufficient likelihood of success on the merits of the appeal to justify a stay for the remainder of the appeal.

Prestige thereafter completed its nonjudicial foreclosure sale against the property, and purchased the property at the

foreclosure sale by credit bid. Prestige then obtained an unlawful detainer judgment in the Los Angeles County Superior Court, which entitled Prestige to take possession of the property. Ultimately, the Panel dismissed as moot Aftandilian's appeal from the relief from stay order.

In July 2012, roughly one month after Prestige's foreclosure sale, Aftandilian commenced a lawsuit against Prestige in the Los Angeles County Superior Court seeking to set aside the foreclosure sale. The operative complaint, Aftandilian's first amended complaint, stated several legal theories, all of which were based on the same predicate facts: (1) that, on June 1, 2012, Aftandilian made an adequate protection payment of $22,547 to Prestige; (2) that, on June 4, 2012, Prestige accepted that payment; (3) that, on June 6, 2012, Prestige conducted its foreclosure sale and purchased the property at the sale; and (4) having accepted the June 1, 2012 adequate protection payment, Prestige could not lawfully foreclose on the property on June 6, 2012.

Prestige removed Aftandilian's lawsuit to the bankruptcy court, and, while the lawsuit was pending before the bankruptcy court Aftandilian filed a separate motion in his bankruptcy case seeking to have Prestige's foreclosure sale declared void. Aftandilian never disputed that his declaratory relief motion arose from exactly the same facts as set forth in his lawsuit. Instead, he merely asserted that the lawsuit focused on his state law legal theories, whereas the motion focused on his bankruptcy law legal theories. More specifically, Aftandilian's motion asserted that, pursuant to the bankruptcy court's September 23,

6

2011 adequate protection order, the automatic stay continued in effect so long as he was current on his adequate protection payments. And since he was current on his adequate protection payments at the time of foreclosure sale, that sale was void.

The bankruptcy court dismissed the lawsuit with prejudice. In the process of so ruling, the court held that nothing in its September 23, 2011 adequate protection order, nor in its April 23, 2012 relief from stay order, nor in the Panel's temporary stay order prohibited Prestige from foreclosing as it did on June 6, 2012. The court further explained that the explicit intent of the April 23, 2012 relief from stay order was to unconditionally permit Prestige to move forward with all foreclosure related proceedings on and after May 16, 2012. The court also pointed out that the September 23, 2011 adequate protection order explicitly provided that Prestige could accept adequate protection payments from Aftandilian without affecting Prestige's entitlement to foreclose under applicable nonbankruptcy law. In essence, the court held that, no matter how Aftandilian characterized Prestige's acceptance of the June 1, 2012 adequate protection payment, no state law theory, no bankruptcy law theory, and no court order prohibited Prestige from foreclosing on June 6, 2012.

On or about October 3, 2012, the bankruptcy court issued a tentative ruling on Aftandilian's declaratory relief motion. In the tentative ruling, the court pointed out that, under Rule 7001, Aftandilian's motion should have been brought as an adversary proceeding. The court also noted that the facts alleged, issues raised and relief sought all were duplicative of

7

other proceedings that Aftandilian had previously brought before the court. According to the court, it had recently considered and rejected the points made in the declaratory relief motion in conjunction with its dismissal of Aftandilian's removed state court lawsuit. The court concluded that nothing in Aftandilian's motion had persuaded it to change its position regarding its analysis and resolution of Aftandilian's claims seeking to set aside Prestige's foreclosure sale.

On October 4, 2012, the bankruptcy court held a hearing on Aftandilian's declaratory relief motion, at which it adopted its tentative ruling and denied the motion. On October 9, 2012, the bankruptcy court entered its order denying Aftandilian's declaratory relief motion, and on October 23, 2012, Aftandilian timely appealed that order.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O), and we have jurisdiction under 28 U.S.C. § 158.

Prestige has argued strenuously that this appeal is moot. According to Prestige, the following facts would make it either impossible or inequitable for this Panel to grant relief on appeal to Aftandilian: (1) after the bankruptcy court denied the declaratory relief motion, Aftandilian did not attempt to obtain a stay or injunction in order to maintain the status quo while his appeal was pending; (2) Prestige has taken a number of actions in reliance on its ownership of the property, including the eviction of the restaurant tenant, the leasing of the car wash to a new tenant and the construction of improvements to the

8

property; and (3) while this appeal has been pending, the underlying bankruptcy case has been dismissed. A BAP motions panel already has considered whether this appeal has been rendered moot, and the motions panel concluded that this appeal is not moot. We agree with the motions panel that this appeal is not moot.

The party asserting mootness has a heavy burden to establish that the appeal should be dismissed as moot. Focus Media, Inc. v. Nat'l Broad. Co. Inc. (In re Focus Media, Inc.), 378 F.3d 916, 923 (9th Cir. 2004). Prestige must therefore persuade us that it was either impossible or inequitable for us to grant any meaningful relief. See id. We are not persuaded.

If Aftandilian were to prevail on the merits of his appeal, we do not perceive how the dismissal of the underlying bankruptcy case would preclude this Panel from issuing a decision reversing the bankruptcy court and holding that Prestige's foreclosure sale was void as a violation of the automatic stay. Nor would Prestige's post-foreclosure actions with respect to the property necessarily render it impossible or inequitable for Aftandilian, armed with such a decision, to seek at least some measure of relief in state court.

Simply put, Prestige has not sufficiently demonstrated to us that a "comprehensive change of circumstances" has occurred such that it would be impossible or inequitable for us to hold that its foreclosure sale was void. See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (9th Cir. 2012); In re Focus Media, Inc., 378 F.3d 922-23. We acknowledge that any such relief could not, in

9

fairness, affect the rights of third parties currently leasing portions of the property. But we are not aware of any reason why our declaration that Prestige's foreclosure sale is void necessarily must do so. Unlike those third parties, Prestige is a party to this appeal and was a party to all of the proceedings in the bankruptcy court, so it would not necessarily be unfair if its rights and duties were altered by this decision. See Spirtos v. Moreno (In re Spirtos), 992 F.2d 1004, 1007 (9th Cir. 1993).

Accordingly, this appeal is not moot, and we will consider the merits of the appeal.

**ISSUE**

Did the bankruptcy court err when it denied Aftandilian's declaratory relief motion?

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's interpretation and application of Rule 7001. See Collect Access LLC v. Hernandez (In re Hernandez), 483 B.R. 713, 719 (9th Cir. BAP 2012).

We also review de novo the bankruptcy court's interpretation of its orders. See Treasurer of Snohomish Cnty. v. Seattle First Nat'l Bank (In re Glasply Marine Indus., Inc.), 971 F.2d 391, 393 (9th cir. 1992). Even so, a trial court's interpretation of its own orders is entitled to special deference. See Officers for Justice v. Civil Serv. Comm'n of City and Cnty. of San Francisco, 934 F.2d 1092, 1094 (9th Cir. 1991); Marciano v. Fahs (In re Marciano), 459 B.R. 27, 35 (9th Cir. BAP 2011), aff'd, 708 F.3d 1123 (9th Cir. 2013).

**DISCUSSION**

Under Rule 7001(2), an action to determine the validity of a

10

party's interest in property must be pursued as an adversary proceeding. The same is true of an action seeking a declaratory judgment regarding the validity of a party's interest in property. See Rule 7001(9). The bankruptcy court correctly ruled that Aftandilian's failure to present his declaratory relief motion as an adversary proceeding was a sufficient ground, by itself, to justify denial of the motion. See Bear v. Coben (In re Golden Plan of Cal., Inc.), 829 F.2d 705, 711-12 (9th Cir. 1986); In re DBSI, Inc., 432 B.R. 126, 134-35 (Bankr. D. Del. 2010).

We generally will not consider arguments that the appellant did not specifically and distinctly brief. See Brownfield v. City of Yakima, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) (citing Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994)); Cashco Fin. Servs., Inc. v. McGee (In re McGee), 359 B.R. 764, 771 n.7 (9th Cir. BAP 2006) (citing Doty v. Cnty. of Lassen, 37 F.3d 540, 548 (9th Cir. 1994)). In his opening appeal brief, Aftandilian did not even mention, let alone challenge, the bankruptcy court's ruling that an adversary proceeding was required. This is a sufficient reason alone to affirm.

We also agree with the bankruptcy court's alternate ground for denying Aftandilian's declaratory relief motion. The bankruptcy court in essence held that Prestige's acceptance of Aftandilian's June 1, 2012 adequate protection payment did not prohibit Prestige from immediately proceeding with its foreclosure sale as soon as the Panel terminated its temporary stay on June 5, 2012.

Aftandilian contends that the bankruptcy court got it wrong.

11

Because Prestige accepted the June 1, 2012 adequate protection payment, Aftandilian reasons, the September 23, 2011 adequate protection order continued to control the application of the automatic stay vis-a-vis Prestige's right to foreclose. And because the adequate protection order kept the automatic stay in place so long as Aftandilian did not default on his adequate protection payments, Prestige's foreclosure sale, which occurred while Aftandilian was current on his adequate protection payments, was void as a violation of the automatic stay.[3]

In other words, Aftandilian is arguing that, by virtue of the June 1, 2012 adequate protection payment it made and Prestige accepted, the terms of the September 23, 2011 adequate protection order enjoyed primacy over the terms of the April 23, 2012 relief from stay order, at least until Aftandilian's next adequate protection payment was due. However, we don't understand why, as Aftandilian apparently claims, Prestige's acceptance of the adequate protection payment vitiated the intended effect of the April 23, 2012 relief from stay order.

---

[3]In his opening appeal brief, Aftandilian for the first time attempts to argue that Prestige's acceptance of the June 1, 2012 adequate protection payment invalidated the notice of sale Prestige recorded before that payment was made. Aftandilian cited no legal authority to support this proposition. Moreover, the bankruptcy court did not have any opportunity to consider this argument because Aftandilian did not raise it in his declaratory relief motion. Accordingly, we decline to consider this argument. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 n. 9 (2010) ("We need not settle that question, however, because the parties did not raise it in the courts below."); Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 984 (9th Cir. 2001) (holding that court will not consider issue raised for the first time on appeal absent exceptional circumstances).

12

In interpreting the effect of a bankruptcy court order, we primarily rely on the bankruptcy court's intent as manifested in the order's language. See Mullen v. Hamlin (In re Hamlin), 465 B.R. 863, 868 (9th Cir. BAP 2012) (citing Brown v. Wilshire Credit Corp. (In re Brown), 484 F.3d 1116, 1120 (9th Cir. 2007)). And the bankruptcy court's interpretation of its own orders is entitled to special deference. See Rosales v. Wallace (In re Wallace), 490 B.R. 898, 906 (9th Cir. BAP 2013).

Here, as manifested by the unequivocal language of the order, and as subsequently interpreted by the bankruptcy court at the adversary proceeding dismissal hearing, the April 23, 2012 relief from stay order was intended to supersede the September 23, 2011 adequate protection order and was intended to modify the automatic stay so as to permit Prestige to unconditionally move forward with foreclosure proceedings on and after May 16, 2012.

We acknowledge that the Panel's temporary stay order, for a period of several days, stayed the effectiveness of the relief from stay order. However, when the Panel terminated that temporary stay on June 5, 2012, the bankruptcy court's relief from stay order immediately became effective and once again superseded the adequate protection order and permitted immediate foreclosure. Nothing in this Panel's temporary stay order was intended to have any other effect.

We are not aware of any law supporting Aftandilian's argument regarding the supposed effect of the June 1, 2012 adequate protection payment. Nor has Aftandilian cited any. Therefore, the bankruptcy court correctly determined that the

13

plain terms of the April 23, 2012 relief from stay order mandated denial of Aftandilian's declaratory relief motion.

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's order denying Aftandilian's declaratory relief motion.